In re CHICAGO, M., ST. P. & PAC. R. CO.
No. 60463.

District Court, N. D. Illinois, E. D.
May 3, 1939.

John B. Tansil, U. S. Atty., and Roy F. Allan, Asst. U. S. Atty., for District of Montana, both of Butte, Mont., and William J. Campbell, U. S. Atty., and H. N. Connaughton, Asst. U. S. Atty., for Northern District of Illinois, both of Chicago, Ill., for claimant, United States of America.

O. W. Dynes, C. S. Jefferson, and C. R. Sutherland all of Chicago, Ill., for trustees of property of debtor.

WILKERSON, District Judge.

The claim of the United States is based on a judgment of the District Court of Montana for $100 and costs entered in a suit brought for violation of the Safety Appliance Act (45 U.S.C., sections 1 to 10, inc., 45 U.S.C.A. §§ 1–10). The violation occurred on April 25, 1935, prior to the filing of the petition herein.

The trustees object to the allowance of the penalty portion of the judgment on the ground that it is prohibited by section 57j of the Bankruptcy Act (11 U.S.C. § 93(j), 11 U.S.C.A. § 93(j), which is as follows: "Debts owing to the United States, a State, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

The objections of the trustees do not accord with my understanding of the relation of section 77, 11 U.S.C.A. § 205, to the other provisions of the Bankruptcy Act.

Section 77 was added to the Bankruptcy Act by act of March 3, 1933 (47 Stat., part 1, pages 1467, 1474) as a part of the new chapter VIII. Section 73, 11 U.S.C.A. § 201, provides that "In addition to the jurisdiction exercised in voluntary and involuntary proceedings to adjudge persons bankrupt, courts of bankruptcy shall exercise original jurisdiction in proceedings for the relief of debtors, as provided in sections 74, 75, and 77 of this Act."

Commenting upon the relation of section 68 of the Bankruptcy Act, 11 U.S.C. A. § 108, which prescribes the rule of set-off upon the distribution of the assets of a bankrupt to proceedings under section 77, the Supreme Court, in Lowden v. N. W. Natl. B & T. Co., 298 U.S. 160, 163, 56 S. Ct. 696, 698, 80 L.Ed. 1114, said, "A proceeding to reorganize is not a bankruptcy, though an amendment to the bankruptcy act creates and regulates the remedy. From the fact without more that such a proceeding has been initiated, one cannot know that it will be necessary to have recourse to section 68 [11 U.S.C.A. § 108], which was meant in its enactment to prescribe the rule of set-off upon a distribution of the assets. That stage of administration, or the analogous stage of a revision of the debts, may never be attained in a proceeding to reorganize, though a petition has been approved and trustees have been appointed. If a plan of reorganization is not proposed or accepted, or, being proposed and accepted, is not confirmed by the court within a reasonable time, the whole proceeding may be dismissed (section 77(c) (7) [47 Stat. 1476]) ; the title to the estate thus reverting to the debtor. * * *

What is done at the beginning amounts to little more than a provisional sequestration to give protection for the future. * * Irrespective of the acceptance or confirmation of a plan, the trustees must have the power to gather in the assets and keep the business going. To exercise that power, they may find it necessary to sue, and the suit may turn upon the right of set-off, as it does in the case at hand. In a suit for such a purpose, a suit collateral to the main proceeding and initiated at a time when the outcome of that proceeding is still unknown and unknowable, section 68 of the statute does not control the disposition of the controversy ex proprio vigore. It governs, if at all, by indirection and analogy according to the circumstances. The rule to be accepted for the purpose of such a suit is that enforced by courts of equity * * *."

■ Prior to the enactment of March 3, 1933, railroad corporations were expressly excluded from the benefits of the bankruptcy law (11 U.S.C. § 22, 11 U.S.C.A. § 22). The act of March 3, 1933, in providing a method of the reorganization of railroads, gave to the court the powers of a court of bankruptcy in dealing with the new subject matter, but it provided a procedure entirely different from the one by which the assets of the bankrupt were reduced to cash, distributed among the creditors, and the bankrupt discharged from his debts.

■ Paragraph 57j is a part of the section of the Bankruptcy Act which deals with the proof and allowance of claims (11 U.S.C. A. § 93, pages 216, 217, 218). It prescribes a procedure where there is a distribution of assets among creditors. It is inapplicable to a suit in which the court gathers in the assets and keeps the business going until it is turned over to a reorganized company created by the creditors and stockholders of the old company. Particularly is it inapplicable to a suit which if it is dismissed leaves the claims of creditors unaffected by the proceeding.

The entire subject matter of creditors and claims is dealt with in section 77 in a manner quite different from the provisions of the old law.

By section 1 of the Bankruptcy Act (11 U.S.C. § 1(9) a creditor is defined to be "anyone who owns a demand or claim provable in bankruptcy". And in the same section a debt is defined to include "any debt, demand, or claim provable in bankruptcy" (11 U.S.C. § 1 (11).

Section 77 provides: "The term 'creditors' shall include, for all purposes of this section all holders of claims of whatever character against the debtor or its property, whether or not such claims would otherwise constitute provable claims under this Act * * *."

Section 77 further provides: "The term 'claims' includes debts, whether liquidated or unliquidated, securities (other than stock and option warrants to subscribe to stock), liens, or other interests of whatever character. For all purposes of this section unsecured claims, which would have been entitled to priority if a receiver in equity of the property of the debtor had been appointed by a Federal court on the day of the approval of the petition, shall be entitled to such priority and the holders of such claims shall be treated as a separate class or classes of creditors. * * *"

■ With reference to claims section 77 specifically provides that section 96 of the Bankruptcy Act, 11 U.S.C.A. (the section with reference to preferred creditors), shall apply to proceedings under section 77. No other portion of the Bankruptcy Act relating to claims and creditors is made applicable to section 77 by its terms, and the specific reference to section 96 is a clear indication that except as to the section specifically mentioned the claims of creditors are to be governed solely by the provisions of section 77.

Section 77(c) (7) provides: "The judge shall promptly determine and fix a reasonable time within which the claims of creditors may be filed or evidenced and after which no claim not so filed or evidenced may participate except on order for cause shown, the manner in which such claims may be filed or evidenced and allowed, and for the purposes of the plan and its acceptance, after notice and hearing, the division of creditors and stockholders into classes according to the nature of their respective claims and interests. Such division shall not provide for separate classification unless there be substantial differences in priorities, claims, or interests. * * *"

■ Section 77($l$), 11 U.S.C. § 205($l$), 11 U.S.C.A. § 205($l$), provides that consistent

with the provisions of section 77 the powers of the court, the duties of the debtor and the rights and liabilities of the creditors and all persons with respect to the debtor and its property shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day that the debtor's petition was filed. But, as has been pointed out above, section 77 has its own distinct provisions with reference to creditors and claims, and the general language of section 77(*l*), by well established rules of construction, cannot prevail against the specific provisions that creditors may participate in the reorganization whether or not their claims would otherwise constitute provable claims under the Bankruptcy Act.

When the purpose of the legislation and the exact nature of the proceeding under it are considered, we cannot impute to Congress the intention that a railroad corporation should escape through a petition for reorganization penalties incurred for violating laws of the United States—penalties which it will be obliged to pay if the reorganization fails and the suit is dismissed.

It is argued that certain references in Continental Illinois National Bank & Trust Co. v. C., R. I. & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, to portions of the Bankruptcy Act indicate that the provisions of the old bankruptcy law are to be taken as generally applicable in suits under section 77 The portions referred to, however, relate to the power of the court rather than to matters of procedure or the rights of the creditors.

Reference was made in the arguments to rulings as to tax penalties in railroad reorganization cases. By section 77(c) (2) the court is given control of the business of the company during the reorganization period. If it is deemed necessary or advisable to pay the taxes in order to keep the business going the rule applicable in equity cases affords ample redress against penalties in the guise of excessive interest.

I agree with the conclusions of Judge Pray stated at the time this judgment was entered. The claim of the United States should be allowed as a preferred claim and should be classified and dealt with as such in this proceeding, and if the proceeding is dismissed should remain a valid and enforceable claim against the debtor.