## KENNISON v. PHILADELPHIA & READING COAL & IRON CO.

### No. 111 Civil.

District Court, D. Minnesota, Fifth Division.

May 22, 1940.

Roderick Dunn, of Duluth, Minn., for plaintiff.

Pierce Butler, Jr., and R. O. Sullivan (of Doherty, Rumble, Butler, Sullivan & Mitchell), both of St. Paul, Minn., for defendant.

## NORDBYE, District Judge.

It appears that on February 26, 1937, the defendant herein filed a voluntary petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and on the same date the District Court for the Eastern District of Pennsylvania entered an order approving said petition as properly filed under said section, and on said date entered an order as follows: "7. All persons, firms, associations and corporations are hereby enjoined from instituting and prosecuting or continuing the prosecution of any actions, suits, or proceedings at law or in equity, or under any statute, or any other proceeding against the debtor, before any court, tribunal, association, organization, commission, board, referee, umpire, arbitrator or otherwise howsoever, or any arbitration, excepting, however, workmen's compensation proceedings against the debtor which said workmen's compensation proceedings may be instituted and prosecuted to final judgment; and all persons, firms, associations and corporations are hereby enjoined from enforc-

981

ing any lien or claim upon the estate or property in the possession of or owned by the debtor, whether held as collateral or not, and from levying or serving or continuing the prosecution of any garnishments, attachments, executions or other process of any kind upon or against the debtor or any of the property in its possession or owned by it, and from doing any act in any way interfering with the estate and property in the possession of or owned by the debtor or the business of the debtor; and all sheriffs, marshals and their officers, advisors, representatives, agents, employees and servants, are hereby enjoined and restrained from seizing, selling, removing, transferring, disposing of or attempting in any way to seize, sell, remove, transfer or dispose of or in any way to interfere with any property or estate in the possession of or owned by the debtor or the business of the debtor, and from doing any act whatsoever to interfere with the possession and management by the debtor, of the property or estate in the possession of or owned by the debtor or the business of the debtor; all until after the entry of the final decree herein."

No trustees have been appointed in said proceeding and no final decree has been entered therein, and apparently no modification has been made of Paragraph 7, hereinbefore referred to. No consent to the bringing of this suit has been given by the bankruptcy court.

This action was commenced on the 16th day of January, 1940, and therein plaintiff contends that on the 15th day of August, 1939, he entered into an agreement with the defendant wherein and whereby, in consideration of the agreed and reasonable compensation of 35 cents per ton, he agreed that he would devote all of his time and efforts during the 1939-1940 coal season to the sale and distribution of the defendant's coal in the territory serviced by the dock facilities of the defendant at the so-called Duluth-Superior Terminal. Plaintiff contends that he duly entered upon his duties under such agreement and continued in the performance thereof until the 21st day of August, 1939, when the defendant refused to continue the performance of said agreement and repudiated the same and prevented the performance of said agreement on his part to his damage in the sum of $50,000. An answer has been interposed by the defendant denying that any contract has been breached and that it has in any

way prevented the performance of the oral agreement that was entered into between it and the plaintiff with reference to the payment of a commission on any coal supplied by the defendant to purchasers procured by the plaintiff. The answer also sets up the pendency of the reorganization proceedings and the injunction in the order approving the petition.

It will be noted that the agreement entered into between the parties was of the date of August 15, 1939, over two years after the petition under Section 77B was filed. If plaintiff is entitled to a recovery herein, it apparently is based upon his right to recover damages for the breach of an agreement entered into by the debtor during the pendency of the reorganization proceedings. It is a claim that arises out of a transaction with the debtor during the time that the debtor was carrying on the business of the company, and the breach, if any, took place by reason of the act of the debtor in failing to carry out the contract which it entered into.

The authority for the injunction issued by the bankruptcy court is found in Title 11 U.S.C.A. § 207, sub. c (10), which reads: "In addition to the provisions of section 29 of this title for the staying of pending suits against the debtor, may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree."

The defendant takes the position that the order of the bankruptcy court enjoins the commencement of all suits and proceedings against the debtor regardless of whether the claim had accrued prior or after the filing of the petition in bankruptcy. In other words, it is the defendant's position that even though it is carrying on a large and extensive business throughout the various parts of the United States, during the time it is in possession of its properties and while the proceedings are pending under Section 77B, it is not, by reason of this order, subject to any suits or proceedings of any nature even though the claim arises on account of acts or transactions of the defendant while it is in possession of its properties and operating its business. The language used by the bankruptcy court is broad and without limitation, and it is urged that, by the language

used, the court intended to restrain the commencement or continuance of any suits on claims arising either before or after the filing of the petition. It is to be doubted that the bankruptcy court had any intention to frame an injunctive order of such a broad scope. The primary purpose of staying suits against a debtor is to require all claims against it to be determined in the bankruptcy court, so that that court can function expeditiously in the reorganization of the properties of the debtor. The pendency or continuation of suits on claims arising prior to the filing of the petition might seriously delay and frustrate the entire reorganization proceedings. However, the bankruptcy court is not particularly concerned with the adjudication of claims arising against the debtor by reason of acts or transactions occurring during the time that the debtor is carrying on its business during the pendency of the proceedings. It is not expected that such claims will be affected by the reorganization proceedings, and the only interest that the bankruptcy court has in regard to such claims is to protect the property from enforcement of judgment liens or other processes which might hamper or hinder the reorganization of properties. In the instant proceeding, we have a claim for breach of contract. The contract was made by the debtor after the filing of the petition. It is alleged that it has been breached. The determination of this proceeding, and the rights of the parties in a court of competent jurisdiction, will neither interfere with the exclusive authority of the bankruptcy court nor prevent the achievement of its purposes. If plaintiff does obtain a judgment, the relief to which he may be entitled and the matter of the satisfaction of the rights under his judgment will be relegated to the bankruptcy court.

If it was the intention of the bankruptcy court to restrict the initiation of any action during the pendency of the proceedings, although the claim may have originated by reason of acts and transactions of the debtor after the filing of the petition, then this Court should not proceed with this action, but should either dismiss it or require the plaintiff to obtain modification of the order entered by the bankruptcy court. Clearly, this Court has no jurisdiction to modify the order of that court. However, if it was the intention of the bankruptcy court merely to enjoin suits on causes of action which had accrued pri-

or to the filing of the petition, this proceeding should continue to trial in this forum. Section 77B, sub. c (10), does not require the court to enjoin or stay the commencement or continuation of suits against the debtor. "The power to stay does not imply that it is to be, or appropriately may be, exerted without regard to the facts. * * * The court is to exercise the power conferred by subdivision (c) (10), 11 U.S.C.A. § 207 (c) (10), according to the particular circumstances of the case and is to be guided by considerations that under the law make for the ascertainment of what is just to the claimants, the debtor and the estate." Foust v. Munson S. S. Lines, 299 U.S. 77, 83, 57 S.Ct. 90, 93, 81 L.Ed. 49. The injunctive order was issued ex parte. Under defendant's construction, it would bar, for instance, the bringing of an action for the recovery of materials furnished to the debtor during its operation, rental charges which had accrued after February 26, 1937, and transportation charges on coal which may have been delivered to the debtor during this period, and notwithstanding that the bankruptcy court has had no opportunity to ascertain the circumstances or the facts with reference to such claims. It is highly improbable that that court intended any such result with the attendant inconvenience and injustice to claimants. Such a construction would unnecessarily limit the business activities of the debtor, in that no one would freely do business with it, or feel that he could safely do so. Defendant's construction is not aided by the suggestion that the bankruptcy court is available to such claimants for an order modifying the injunction so as to permit suits to be brought. The expense in some instances would be prohibitive, and with a concern which does a nation-wide business and has been carrying on such a business for over two years as a debtor in reorganization, it is unreasonable to assume that the court intended such an impractical situation. Certainly, such a sweeping injunction is not necessary to the fulfillment of a plan.

■■ It is generally recognized that a debtor in possession under Section 77B of the Bankruptcy Act is, to all intent and purposes, the equivalent of a trustee appointed by the court. It is in possession of the property and as such is clothed with all the powers of a receiver in equity. A trustee appointed under Section 77B is said to be a combination of a trustee in bankruptcy and receiver in equity. In re James Butler Grocery Company, D.C., 12 F.Supp. 851, 853. Consequently, it is reasonable to assume that Section 66 of the Judicial Code, Title 28 U.S.C.A. § 125, is applicable to a debtor in possession under Section 77B. See, McGreavy v. Straw, 90 N.H. 130, 5 A.2d 270, 39 A.B.R.,N.S., 268. This section reads: "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

■ The last clause of this section, reading, "but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice," has often been construed by our courts and has been held to merely reserve to the appointing court the sole power over the matter of satisfaction of the rights determined in such other courts. Dillingham v. Hawk, 5 Cir., 60 F. 494, 23 L.R.A. 517; St. Louis S. W. R. Co. v. Holbrook, 5 Cir., 73 F. 112; American Brake Shoe, etc., Co. v. Pere Marquette R. Co., D.C., 278 F. 832; Anderson v. Scandrett, D.C., 19 F.Supp. 681.

In incorporating subsection c (10) in Title 11 U.S.C.A. § 207, Congress must have enacted this provision with reference to Section 66 of the Judicial Code. There is no indication that Congress intended to emasculate the effect of this prior legislation or to repeal the same. Furthermore, the bankruptcy court undoubtedly had Section 66 of the Judicial Code in mind when the injunctive order was signed. It was well aware that suits in respect to the acts or transactions of the debtor in possession could by this section be instituted in whatever forum jurisdiction could be obtained without previous leave of the court. It is fair to assume, therefore, that the enjoining language, broad as it may be, had reference only to suits and proceedings which were pending or might be instituted on claims arising prior to the filing of the petition.

■ The fact that Subsection c (10) limits its provisions to suits against the debtor would also strongly imply that its

984

provision merely refers to claims which had accrued against the debtor prior to the filing of the petition. Section 77B contemplated the appointment of trustees. No reference is made, however, to the staying of suits against trustees. Such addition does appear in the so-called Chandler Act. Chapter X, Title 11 U.S.C.A. § 516, in setting forth the jurisdiction of the court over the administration of the estate, provides in Subsection 4 as follows: "In addition to the relief provided by section 29 of this title, enjoin or stay until final decree the commencement or continuation of a suit against the debtor or its trustee or any act or proceeding to enforce a lien upon the property of the debtor."

 It may be argued that, under this amendment, the court has the power to stay suits against the debtor or its trustee even though the cause of action may have accrued after the filing of the petition. But this construction in my opinion cannot be applied to the language found in Title 11 U.S.C.A. § 207, sub. c (10), and the construction of the injunction order in question must be determined in light of the Bankruptcy Act as it existed at the time the order was promulgated. Furthermore, it is fair to assume that the Chandler Act amendment does not contemplate a blanket injunction against all suits against the trustee or the debtor which arise after the filing of the petition. Presumably, the Act contemplates that only such suits as may interfere with or frustrate the reorganization proceedings should be enjoined, and due consideration, as announced in Foust v. Munson, supra, should be given to each claim before suit is stayed.

██ Attention may be directed to the wording of Section 29 of the Bankruptcy Act, 11 U.S.C.A. § 52. This section refers to the right of the court to grant stays with reference to suits pending at the time of the filing of the petition when such suits are founded upon a claim from which a discharge would be a release. Subsection c (10) states that in addition to the provisions of Section 29 for staying pending suits, the court "may enjoin or stay the commencement or continuation of suits against the debtor until after final decree." Is it not reasonable to assume that the framers of Subsection c(10), merely intended to broaden the powers of the court so as to expressly clothe it with powers to enjoin or stay the commencement or continuation of suits against the debtor on

claims which are affected by or to be determined in the reorganization proceedings?

It would seem that a reasonable construction of the bankruptcy court's order, in light of all of the circumstances referred to, requires the conclusion reached herein. This Court has jurisdiction of the parties. The act or transaction involved in the alleged breach of contract took place with respect to business done in the State of Minnesota. Under these circumstances, it must have been the intention of the bankruptcy court to permit the litigation of such claims in any forum which obtained jurisdiction, and then the question of the satisfaction of the claim, or the relief to be obtained by the claimant as the result of any judgment he might be entitled to, must be left to the bankruptcy court which has exclusive jurisdiction over the property and the enforcement of liens against it.

It is ordered that defendant's motion be and the same hereby is in all things denied. An exception is allowed.