CITY OF NEW YORK, Acting by the Board of Transportation of the City of New York, Plaintiff, *v.* WILLIAM H. DRAPER, JR., as Substituted Trustee of the LONG ISLAND RAIL ROAD COMPANY, Defendant.

Supreme Court, Special Term, Queens County, October 10, 1951.

*Richard R. Bongartz* and *Elmer S. Lane* for defendant.
*Harold L. Warner* and *Abraham Satran* for plaintiff.

SWEZEY, J. Defendant moves to dismiss the complaint herein on the grounds (1) that it is legally insufficient, and (2) that defendant is not a proper party.

Under our practice misjoinder or nonjoinder of parties is no cause for dismissing an action. " New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as justice may require." (Civ. Prac. Act, § 192.) " The objection that there is a non-joinder or misjoinder of parties shall be raised by a motion to add or drop parties." (Rules Civ. Prac., rule 102.) Accordingly, the second ground for dismissing this action is without merit.

On December 19, 1948, a bus owned by the plaintiff and a train of the Long Island Rail Road collided. Thereafter on March 2, 1949, the railroad filed a petition in reorganization under section 77 of the Bankruptcy Act (U. S. Code, tit. 11, § 205). Plaintiff has brought this action against the substituted trustee appointed in that proceeding. Defendant claims that it is not liable for the torts of the railroad committed prior to his appointment.

Paragraph " 10 " of the complaint alleges that the collision between the bus and the train was caused by the negligence of the defendant. Inasmuch as neither the defendant nor his predecessors had legal existence as trustees on December 19, 1948, it is apparent that plaintiff intended to allege that the accident was caused by the negligence of the debtor whom defendant now represents as substituted trustee. Since the parties, however, would presumably prefer a decision of the principal question herein squarely on the law, the complaint will be deemed amended accordingly rather than defer the question while plaintiff amends its pleading.

The question of law presented on this motion is whether plaintiff may sue the defendant as trustee for an accident which occurred before the debtor filed its petition for reorganization. Defendant argues that this action should be brought directly against the debtor and that plaintiff, if successful, could then present its judgment to the defendant for prorata payment when the assets are distributed. In support of this contention, defendant cites many cases both in New York and in Federal jurisdictions. We have examined those cases and found in each instance that the suits there involved were brought against temporary receivers appointed by the court merely to hold possession of the property pending the litigation. In none of those cases did the receiver or trustee have title to the property.

This distinction was recognized in the cases cited. Thus in *Decker* v. *Gardner* (124 N. Y. 334, 338, 339), the court said: " Receivers appointed *pendente lite* are, however, mere temporary officers of the court, and do not possess the powers of a permanent receiver unless specially conferred upon them by order of the court. \* \* \* Such receivers possessed no legal powers. They were officers of the court merely, and their functions were limited to the care and preservation of the property committed to their charge, and they possessed no authority except such as the orders of the court conferred. \* \* \*

" While this class of receivers have many duties and powers peculiar to themselves, they are such only that flow from the nature and character of the property committed to their charge, and in their legal character and relation to the mortgagor they differ in no respect from the receiver of rents and profits of mortgaged property appointed in actions to foreclose mortgages against individuals.

" They do not represent the corporation in its individual or personal character, nor supersede it in the exercise of its corporate powers except so far as the mortgaged property is concerned.

" The corporation is not dissolved by the order appointing the receiver (*Kincaid* v. *Dwinelle,* 59 N. Y. 553; *Pringle* v. *Woolworth,* 90 id. 502), and it is clear that in an ordinary foreclosure suit no attack is made upon its corporate existence, and hence no judgment that can be entered in the action will affect its corporate life."

It is obvious that a petition in reorganization may well affect the corporate life of the debtor. Moreover, the trustee appointed in such proceedings acquires title to the debtor's property. (Bankruptcy Act, § 77, subd. [c], par. [2].) It is apparent, therefore, that cases dealing with receivers *pendente lite* are not determinative of the question here posed.

Similarly inapplicable are cases wherein the right to sue the receiver was based on section 66 of the Federal Judicial Code (U. S. Code [1946 ed.], tit. 28, § 125). That section provided in part as follows: " Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction *of his* in carrying on the business connected with such property, without the previous leave of the court ". (Emphasis supplied.) This section is by its own terms " confined to suits against a receiver in respect of *his* acts or transactions while carrying on the business of the

receivership.'' (Emphasis supplied; *Oklahoma* v. *Texas,* 265 U. S. 490, 492.)

The instant action is brought pursuant to subdivision (j) of section 77 of the Bankruptcy Act which provides in part that '' suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the prosecution of any such cause of action or appeal shall be vacated.'' This leave to prosecute damage suits arising out of the operation of a railroad has been held to apply to causes of action arising before bankruptcy adjudication as well as to those arising thereafter. (*Matter of Chicago & E. I. Ry. Co.* (121 F. 2d 785, certiorari denied *sub nom. Chicago & E. I. R. R. Co.* v. *Gourley,* 314 U. S. 653.) In that case the Court of Appeals for the Seventh Circuit said (p. 789): '' And there is no clear and sufficient reason advanced for dividing the list of such personal injury claims into those which arose before the adjudication and those whose claims occurred subsequently.'' Although that suit involved a personal injury the terms of the statute, '' suits or claims for damages '', include actions for injury to property as well.

While the *Chicago & E. I. Ry.* case (*supra*) is authority for permitting this action to be prosecuted to judgment, it still does not solve the question, whom shall it be prosecuted against? In that case, Gourley was injured on August 3, 1933, which was after the debtor had filed its petition for reorganization, but before the trustee was appointed on September 15, 1933. On June 20, 1934, Gourley suited the trustee in a State court. The trustee filed an answer denying that he was operating a railroad at the time of the accident. Gourley then added another cause of action against both the trustee and the railroad. The railroad answered, but the trustee moved to dismiss on the ground that the tort was committed before his appointment and that he was, therefore, not liable. No order was ever entered on the trustee's motion to dismiss, but plaintiff filed an amended complaint naming only the railroad as defendant. The railroad answered and it was on this complaint and between these parties that judgment was finally entered. Thus, while the question was raised in the *Chicago & E. I. Ry.* case (*supra*), it was never decided, having become moot upon plaintiff's amendment of his complaint. We have found no authority directly in point either in the New York or in the Federal courts.

Remington on Bankruptcy, 1947 Replacement, Volume 10, section 4181, page 301, says: '' The trustee would have the right to

intervene in a suit against the debtor. The debtor would have the right to intervene if the suit were brought against the trustee. It is thought that the preferable way to proceed is to sue the debtor, file proof of claim, and then for the trustee to intervene in the suit against the debtor." While Remington thus sets forth the " preferable " way, the final outcome seems to be that the trustee is eventually brought into the suit by intervention, if he has not been named originally.

In *Maddux* v. *Gardner* . (239 Mo. App. 289), the court distinguished cases urged by the trustee including *Decker* v. *Gardner* (124 N. Y. 334, *supra*) cited by defendant on this motion wherein the receiver had been appointed *pendente lite*. In that case the court held that the trustee in reorganization was vested with title to all of the assets of the railroad and was liable for the tort of the railroad committed prior to his appointment. The court pointed out that the proviso in subdivision (j) of section 77 of the Bankruptcy Act, which permits prosecution of damage claims to judgment, contains no express prohibition against bringing suit against the trustee of the debtor. Said the court at page 298: " It was well said in *Martin* v. *Forrey,* [100 Ind. App. 371] 193 N. E. *supra,* 1. c. 681: ' To obtain a judgment against the corporation for such injuries, and then by petition or other means have it transferred to the receivership, would be doing indirectly what appellees insist cannot be done directly, to-wit, obtain a judgment on the appellant's right of action against the assets in the hands of the receiver.' The law does not require the doing of useless things. Under the circumstances, there can be no complaint that the suit was brought against the trustee in the first instance."

In the absence of authority in our own jurisdiction or in the Federal courts, we are disposed to follow the Missouri decision of *Maddux* v. *Gardner* (*supra*) which on principle is sound law.

The question of an unlawful preference is not here involved, for the judgment herein, if plaintiff is successful, may recite the pertinent facts, thus insuring that the claim against the estate of the bankrupt will be properly classified.

The motion to dismiss the complaint for legal insufficiency is denied. Settle order on notice.