**UNITED STATES of America,**
**Plaintiff,**

v.

**Harry W. DORIGAN, William J. Kirk, and Richard J. Smith, Trustees, the New York, New Haven and Hartford Railroad Company, Defendants.**

No. 61–C–895.

United States District Court
E. D. New York.

Dec. 3, 1964.

Appliance Act, 45 U.S.C.A. §§ 1–16.[1] The violation occurred on June 8, 1961, when the railroad was operated by The New York, New Haven and Hartford Railroad Company, a foreign corporation. On July 7, 1961, the Railroad filed a petition for reorganization under Section 77 of the Bankruptcy Act ("Act") and on the same date, by order of the United States District Court for the District of Connecticut (Bankruptcy Court), the Railroad was permitted to manage the properties and run the railroad as a debtor-in-possession (hereinafter "Debtor"). By said order all persons were restrained and enjoined "from commencing or continuing any suits against the Debtor: Provided, that suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction."[2] On July 26, 1961, the defendants Dorigan, Kirk and Smith were appointed, under Section 77 of the Act, as Trustees of the Debtor's property, subject to the same rights and privileges of the Debtor. The order of appointment provided that "each and all of the orders heretofore entered in this proceeding shall with respect to said Trustees and the property of the Debtor, be of like force and effect as though said Trustees were therein specifically named in the place of the Debtor, all of said orders being hereby incorporated in and made a part of this order by reference."

At the trial the Trustees moved for a summary judgment or a judgment upon the pleadings upon the ground that they were not liable for acts of the Debtor committed prior to their appointment and, further, that The New York, New Haven & Hartford Railroad Company should have been named as a defendant.

Joseph P. Hoey, U. S. Atty., E. D. New York, for plaintiff; William N. McKee, Jr., Asst. U. S. Atty., of counsel.

Robert M. Peet, New York City, for defendants; Frank J. Zwick, New York City, of counsel.

BARTELS, District Judge.

This is an action to recover a penalty of $250 for violation of the Safety

1. Authority for the suit is found in 45 U.S.C.A. § 18, requiring the United States Attorney to bring the suit in the district where the violation occurred. This does not, however, exempt him from compliance with the general principles applicable to debtors and trustees operating under Section 77 of the Bankruptcy Act.

2. Section 77, sub. j of the Act provides "That suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the prosecution of any such cause of action or appeal shall be vacated."

■ According to the rule at Common Law a receiver *pendente lite* cannot be sued for torts committed prior to his appointment, although a statutory receiver can be sued for such torts. The reason for this distinction is that receivers *pendente lite* are not successors to the corporation but are merely officers of the court and possess no legal powers, their functions being confined to the care and preservation of the mortgaged properties or other properties for which they are receivers, whereas statutory receivers succeed to the title of the properties of the corporation and represent the corporation or supersede it in the exercise of its powers. Decker v. Gardner, 1891, 124 N.Y. 334, 26 N.E. 814, 11 L.R.A. 480. This reasoning has been followed in Maddux v. Gardner, 1945, 239 Mo.App. 289, 192 S.W.2d 14, and City of New York v. Draper, 1951, 201 Misc. 957, 107 N.Y.S.2d 789, but it does not seem to have been followed in In re Seaboard Air Line Ry., N.D.Fla.1909, 166 F. 376; cf., McNulta v. Lochridge, 1891, 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796. In Maddux, and Draper, supra, as well as in In re Chicago & E. I. Ry. Co., 7 Cir. 1941, 121 F.2d 785, cert. denied, sub nom., Chicago & Eastern Illinois Railroad Company v. Gourley, 1941, 314 U.S. 653, 62 S.Ct. 102, 86 L.Ed. 523, it was held that trustees in reorganization under Section 77 of the Act may be sued for damages arising out of torts caused by the operation of trains, committed both before and after their appointment as such. But these decisions are no authorities for the present suit because the Court's order in those cases as well as the proviso of Section 77, sub. j of the Act expressly exclude such suits from the stay but do not exclude suits for penalties.

■ It becomes necessary, therefore, to examine the position occupied by the Trustees under Section 77 of the Act. They have all the powers of a trustee appointed pursuant to Section 44 of the Act as well as all the powers of a receiver in an equity proceeding, which include title to and possession of the Debtor's properties with full authority to exercise its rights and franchises to run the railroad and to represent all creditors and claimants with respect thereto.[3] In effect they are a combination of trustees in bankruptcy and receivers in equity (Kennison v. Philadelphia & Reading Coal & Iron Co., D.C.Minn.1940, 38 F. Supp. 980) and may be deemed successors to the Debtor.

■ Applying the principles of the above cases concerning statutory receivers, the Trustees are liable for acts committed before as well as after their appointment. A judgment against a debtor in a suit instituted against the debtor alone after the appointment of trustees in which the latter were not joined as parties would not be binding upon the trustees and hence would not be a burden upon them or a lien against the estate. Such a judgment would be of no value to the plaintiff. Cf., In re Chicago & E. I. Ry. Co., supra. Such trustees are indispensable parties in any suit to enforce such liability. But liability is not synonymous with sueability. It is a question of classification and preferential status. Consequently, the determination that the trustees are liable is indecisive. More important is the determination of the nature of the liability, the date of its creation and its classification. With certain exceptions, liabilities created by and inherited from the Debtor are stayed, while liabilities created by the Trustees in the operation of the railroad are enforceable. Paragraph (8) of the Bankruptcy Court's order of July 7, 1961, as extended to the Trustees by the order of July 26, 1961, specifically stayed and enjoined all persons "from commencing or continuing any suits against the Debtor" and the Trustees appointed in

---

3. § 77, sub. i of the Act; ¶ (2), Court's Order dated July 7, 1961; ¶ 2, Court's Order dated July 26, 1961; see Central Hanover Bank & Trust Co. v. President and Directors of Manhattan Co., 2 Cir. 1939, 105 F.2d 130; Home Trust Co. v. Miller Petroleum Co., D.C.Kan.1928, 27 F.2d 748.

its place and stead.[4] There is an exception in the order to this general stay with respect to suits for damages caused by the operation of trains, whether the acts occurred before or after the appointment of the Debtor or the Trustees.[5] By various orders of the same court, September 4, 1962 was fixed as a time within which claims of creditors might be filed against the estate and after which no claim not so filed might participate except on order for cause shown.[6] If this action had been commenced against the Debtor before the appointment of the Debtor or the Trustees, there is no question that it would have been stayed. The Government by later bringing the action against the Trustees cannot thereby improve its position. The purpose of staying suits was to require all suits against the Debtor to be determined by the Bankruptcy Court so that the Court might not be delayed or frustrated in expeditiously reorganizing the properties of the Debtor. However, claims arising after the appointment of the Debtor or the Trustees would not be affected by the reorganization proceedings and consequently they may be enforced without interfering with such reorganization. Kennison v. Philadelphia & Reading Coal & Iron Co., supra. The Trustees operate the railroad for the purpose of preserving the assets for the benefit of the public and the creditors and the Bankruptcy Court has exclusive jurisdiction of the Debtor and its properties wherever located.[7] Expenses and debts created by them have a preference against the assets as administrative expenses. Congress has specifically authorized suits against trustees and debtors-in-possession without leave of court with respect to any of *their* acts and transactions. 28 U.S.C.A. § 959. The present suit for the violation of the Safety Appliance Act does not fall within the exception to the injunctive provisions of the Court's orders of July 7, 1961 and July 26, 1961, nor is it predicated upon a violation caused by any act of the Trustees which would authorize the present suit.

While it has been held that a judgment for a violation of the Safety Appliance Act obtained before the appointment of trustees is a provable and preferred claim despite the provisions of Section 57(j) of the Act,[8] there is no authorization for such suit after the appointment of trustees. Failure of the Government to obtain permission of the Bankruptcy Court to bring the present action was a jurisdictional defect justifying dismissal. See Carpenter v. International-Great Northern R. Co., D.C.Tex., 1933, 5 F.Supp. 768; In re Michigan Brewing Co., D.C.Mich.1938, 24 F.Supp. 430, aff'd, sub nom., Conlon v. Michigan Brewing Co., 1939, 6 Cir., 101 F.2d 1007. Otherwise the entire scheme of Section 77 of the Act and the provisions with respect to filing proofs of claim and the reorganization of the properties of the Debtor would be defeated. Consequently, unless consent to institute the present suit in this Court is obtained *nunc pro tunc* from the Bankruptcy Court within sixty (60) days, the complaint will be dismissed.

Settle order within ten (10) days on two (2) days' notice.

---

4. §§ 11 and 77, sub. j of the Act.

5. § 77, sub. j of the Act.

6. § 77, sub. c of the Act.

7. § 77, sub. a of the Act.

8. In re Chicago, M., St. P. & Pac. R. Co., D.C.Ill.1939, 27 F.Supp. 685, where the court held:
   "When the purpose of the legislation and the exact nature of the proceeding under it are considered, we cannot impute to Congress the intention that a railroad corporation should escape through a petition for reorganization penalties incurred for violating laws of the United States—penalties which it will be obliged to pay if the reorganization fails and the suit is dismissed." (p. 688)