Richard D. Simons, J.
These are two motions for an order
dismissing the plaintiff’s complaint on the grounds that the court has not jurisdiction of the subject matter of the cause of action. (CPLR 3211, subd. [a], par. 2.) One motion is made by Eugene H. Klein individually and as managing agent, and by the defendant American Employers’ Insurance Company surety -of the defendant Klein, and a second motion is made by Eugene H. Klein as receiver and trustee of the Randolph House Motor Hotel Corporation. . .
*25 The amended complaint alleges that on October 3, 1962 the Randolph House Motor Hotel Corporation delivered its demand promissory note in the amount of $35,000 to the plaintiff. There remains unpaid on that note the sum of $31,352.43 principal. On the same date, as security for the note, the corporation executed and delivered to the plaintiff an assignment of accounts receivable of a total value of $34,807.90 and Donald S. Potter, president of the corporation, individually, assigned all his right, title and interest to the said accounts receivable to the plaintiff.
On November 5, 1962, the defendant Klein was appointed managing agent of the corporation in proceedings for an arrangement under chapter 11 of the Bankruptcy Act by the United States Referee in Bankruptcy for the Northern District of New York. On January 10, 1963, the defendant Klein was appointed receiver of the corporation by the same court, and on February 11, 1963, the defendant Klein was appointed trustee of the corporation by the same court. The defendant insurance company supplied bonds to the defendant Klein in each of his capacities in an amount and form approved by the bankruptcy court. The corporation was adjudicated bankrupt on February 11, 1963.
By letter dated November 2, 1962, attorneys Melvin & Melvin, acting for the plaintiff, advised the attorney for the corporation that pursuant to the request of the Referee in Bankruptcy “we do hereby waive the right to receive payments pursuant to the assignment of said accounts receivable until such time as an adjudication in bankruptcy is had or in the alternative, that an Order be made dismissing the petition of Randolph House Motor Hotel Corporation, at which times the then existing uncollected accounts receivable shall be assigned and turned over to Myron S. Melvin as assignee. This deferment and postponement shall in no way be considered a waiver by our client of his position as a secured creditor.”
On November 5, 1962, the Referee in Bankruptcy executed an order for an arrangement under chapter 11. The order referred to the Melvin & Melvin letter and a copy was attached to the order.
After adjudication of bankruptcy, the plaintiff demanded the accounts receivable and the proceeds thereof from the defendant Klein. The defendant Klein has refused to comply with that demand and it is alleged upon information and belief that in connection with the carrying on of the business of the debtor, the defendant Klein has taken possession and assumed control *26 and administered the accounts receivable and proceeds thereof to the plaintiff’s damage.
The three causes of action charge the defendant Klein individually and in his representative capacities with conversion and misappropriation of the accounts receivable and the proceeds, and allege liability of the American Employers’ Insurance 'Company as surety by reason of the defendant Klein’s wrongful and unlawful acts.
An action against a trustee, receiver or manager appointed as an officer of bankruptcy court exposes the assets of the bankrupt’s estate to liability. 'Since those assets actually or constructively held by the court’s appointee are within the exclusive jurisdiction of the bankruptcy court, it has long been recognized that such suits are to be maintained solely in the court, or by its leave, without interference by State tribunals. (Ex parte Baldwin, 291 U. S. 610 [1934]; Barton v. Barbour, 104 U. S. 126; Northeastern Real Estate Securities Corp. v. Goldstein, 276 N. Y. 64 [1937].)
A limited exception to this principle is contained in the statutory enactment found in subdivision (a) of section 959 of title 28 of the United States Code: “ Trustees, receivers or managers of any property * * * may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property”. It is the plaintiff’s contention that the facts in this case bring it within that exception. I find otherwise. While the term “ carrying on business connected with such property ” may be difficult of definition, it has been interpreted to mean conducting a business in the ordinary sense of the words or to pursue it as an operating enterprise. Administering and collecting the assets and maintaining the status quo incident to liquidation and disposal is not “ carrying on business ”. For example, where a trustee continues the business of a debtor in operating a railroad, he may be sued in a State court in his representative capacity for damages for use of another’s tracks (Thompson v. Texas Mexican Ry. Co., 328 U. S. 134) or for wrongful death and injury resulting to a member of the public in a grade crossing accident (Valdes v. Feliciano, 267 F. 2d 91). These are normal incidents of carrying on the business. But merely holding and collecting the assets intact (Vass v. Conron Bros. Co., 59 F. 2d 969), collecting and liquidating the assets of the debtor (Austrian v. Williams, 216 F. 2d 278), or taking steps for the care and preservation of the property by way of executing a lease for storage of the debtor’s assets *27 (Matter of Kalb & Berger Mfg. Co., 165 F. 895) do not constitute “ carrying on business
The underlying purpose of the statute is not to give additional recourse to creditors pre-existing the adjudication in bankruptcy. This would cause chaos in the administration of the estate. The law was designed to facilitate the continued operation of business enterprises during the period of management under the bankruptcy court’s supervision and to see that receivers, trustees and managers were not exempt from the operation of State laws during the time of their appointment. Because of the statute, they are required to exercise as much regard for the rights and safety of third persons as the owners were. Some of the inequities which arose in the absence of subdivision (a) of section 959 are demonstrated by the result in Barton v. Barbour (supra).
But it was never intended that this section should enlarge the rights or remedies of one in plaintiff’s position. Matter of Spitzer (130 F. 879) and Matter of Mertens (147 F. 182) do not say any more than that. As pointed out by the court in Vass v. Conron Bros. Co. (supra), those cases stand solely for the principle that a trustee or receiver may be sued in his individual capacity in a State court for acts in tort arising in the administration of the bankrupt’s estate. But the prohibition against suing him in his representative capacity without leave of the bankruptcy court remains. Matter of Interocean Transp. Co. of America (232 F. 408) does not hold to the contrary. While not directly in point, the case indicated that a trustee’s actions in meddling with the property of the bankrupt’s estate may be tested in a State court by a suit in conversion, i.e., has he acted ultra vires 1 (Cf. Parker v. Browning, 8 Paige Ch. 388; Matter of Spitzer, supra; Matter of Mertens, supra.)
The complaint states a cause of action against the defendant Klein in his individual capacity only. The liability of the defendant insurance company is, of course, derivative and it fails with the causes of action against the defendant Klein in his representative capacity.
Motions for dismissal of the causes of action against Eugene H. Klein as managing agent, receiver and trustee, and against American Employers’ Insurance Company, are granted. It will be difficult, if not impossible, for the defendant Klein, individually, to plead in answer to the remaining portions of the amended complaint. In the interests of clarity, therefore, the amended complaint is dismissed with leave to the plaintiff to replead within 20 days after service of a copy of the order herein with notice of entry, if so advised.