OPINION OF THE COURT
John P. Collins, J.
The defendants move to dismiss the accusatory instruments pursuant to CPL 170.30.
The defendant, Penn Central Transportation Co., Inc. (hereinafter referred to as "PCT”) is charged in five cases in New York County with the misdemeanor (Administrative Code of City of New York, § 488-1.0) — refusal to comply with orders of the New York City Fire Commissioner. The defendant, Penn Central Railroad Co. (hereinafter referred to as "PCR”) is charged in one case in Kings County with a similar offense. The six cases are consolidated for the purpose of this, motion.
The New York County matters relate to certain hazardous conditions — alleged failure to replace defective water hydrants, arrange for flow and pressure tests of standpipes, provide an approved yard hydrant system, repair sprinklers and standpipe systems and obtain a certificate of fitness for a sprinkler — in railroad yards in the West 30th Street area. The Kings County matter relates to an alleged failure to clear certain debris from railroad tracks in the Bay Ridge locality.
The defendants contend (1) that the court lacks jurisdiction by reason of subdivision (a) of section 205 of title 11 of the United States Code, (2) that the defendants are not proper parties, (3) that the accusatory instruments are defective and insufficient on their face and (4) that the service — of all the summonses, including service on PCR, a nonexistent corporation — was made in an unlawful and improper manner and should be vacated.
The People answer (1) that subdivision (a) of section 205 of Title 11 of the United States Code does not divest this court of jurisdiction, (2) that whether the defendants are proper parties is a matter of fact to be resolved at trial, (3) that the accusatory instruments meet the requirements of the CPL and (4) that the issue of the validity of service of the summonses should be adjudicated at a pretrial hearing.
The court turns first to the defendants’ contention that subdivision (a) of section 205 of title 11 of the United States Code divests this court of jurisdiction.
*751 The defendant PCT is a corporation formed under the laws of the Commonwealth of Pennsylvania. In 1970, the company filed a petition in the United States District Court, Eastern District of Pennsylvania pursuant to section 205 of title 11 of the United States Code seeking a plan of reorganization on the ground that it was insolvent. The petition was granted and trustees were appointed.
The defendant, PCT, maintains that during reorganization proceedings, the Federal court has exclusive jurisdiction over the defendant and its property and that the defendant cannot be tried for a criminal offense in the courts of New York. In support of this position, the defendant cites United States v Dorigan (236 F Supp 106).
This court rejects this argument advanced by the defendants. Bankruptcy proceedings are civil in nature (US Code, tit 11, § 11). Such a proceeding does not divest a State court of criminal jurisdiction (see People v Topping Bros., 79 Misc 2d 260; People v Murray, 174 Misc 251). In the Dorigan (supra) case on which the defendants rely, the proceeding was commenced against the trustees appointed by the bankruptcy court. In the instant cases, the trustees are not defendants but rather the corporation. Other cases relied on and cited by the defendants relate to civil actions and are not applicable here.
The court turns next to the second argument in support of the motion to dismiss — that PCT is not a proper defendant. The issue before the court is: Can a corporation undergoing reorganization in a United States bankruptcy court be liable for criminal conduct pursuant to section 20.20 of the Penal Law? The court finds in the affirmative.
The arguments of the defendant — that the corporation PCT has ceased to exist by reason of reorganization and that only the trustees are proper parties — are rejected.
Various courts have previously held that a criminal prosecution may be initiated against a merged, consolidated or voluntarily dissolved corporation (see United States v United States Vanadium Corp., 230 F 2d 646, cert den 351 US 939; United States v Brakes, Inc., 157 F Supp 916). Nothing is contained in the language of section 205 of title 11 of the United States Code to indicate that a corporation in reorganization ceases to exist and a number of courts have held that the bankruptcy statute contemplates the continued corporate existence of the debtor (see Connecticut Ry. & Light, v Palmer, 305 US 493). The New York City Criminal Court, in *752 an unreported decision People v Penn Cent. Transp. Co. (Criminal Ct, Queens County, Nov. 29, 1972) has previously had occasion to rule on a similar matter. There the court held: "The trustees may be parties defendant in any civil action which may be commenced to enforce payment of a fine resulting from a guilty verdict in this criminal proceeding but the corporation, still in existence though the trustees are managing its affairs may be found guilty of the offense.”
The court now considers — the defendants’ third contention —the sufficiency of the accusatory instruments. Each of the six accusatory instruments consists of two papers. The first is an affidavit sworn to by an employee of the Fire Department Division of Fire Prevention. In each case the affidavit relates that on a particular date, the defendant "did wilfully neglect and refuse to comply with an order of the Fire Commissioner of the City of New York” and lists the number of the pertinent order. The affidavit further states the date on which the order was served, the location of the premises and contains a statement that "the defendant is the Authorized Person In Charge.” Incorporated by reference and attached to the complaint is a second paper — a copy of the Fire Commissioner’s order which describes the initial alleged violation. The complaint requests that the defendant be dealt with in accord with section 488-1.0 of the Administrative Code.
The applicable sections of the CPL in determining whether a complaint is sufficient — are CPL 100.15 and 100.40. In pertinent part CPL 100.15 provides: "1 * * * Each instrument must contain an accusatory part and a factual part * * * 2. The accusatory part of each instrument must designate the offense or offenses charged * * * 3. The factual part of such instrument must contain a statement of the complaint alleging facts of an evidentiary character supporting or tending to support the charges.” (Emphasis added.) CPL 100.40 in pertinent part provides:
"An information * * * is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15 and (b) The allegations of the factual part of the information * * * provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and (c) Non-hearsay allegations of the factual part of the information * * * establish, if true, every element of the offense charged and the defendant’s commission thereof.”
*753 The offense charged here concerns a violation of section 488-1.0 of the Administrative Code. This section is entitled "Fines and penalties.” Like many other sections of the Administrative Code — which establish offenses — it is not written in the style of the Penal Law and certainly contributes toward confusion in pleading. The section reads in pertinent part: "Any person who shall wilfully violate, or neglect, or refuse to comply with any provision or requirement of this chapter or any regulation, order or special direction duly made thereunder, shall also be guilty of a misdemeanor.”
Section 491al-1.0 of the Administrative Code allows for the issuance of orders by the Fire Commissioner. Section 491al-2.0 of the Administrative Code provides for service of these orders. The latter provides in pertinent part: "Service of any such order may be made by delivery of a copy thereof to the owner or any one of several owners, to a lessee or any one of several lessees, or to any person of suitable age and discretion in charge or apparently in charge of the premises”.
The defendants contend that at least two sections of the accusatory instruments — those which charge that the defendants "did wilfully neglect and refuse to comply with an order” and that "the defendant is the authorized person in charge”— are defective. The People answer that the argument is without merit, that the instruments fully apprise the defendants of the nature of the charge and that the issue of whether a defendant is a proper party is an issue of fact to be resolved at trial.
The court finds the accusatory instruments to be defective and not in substantial compliance with CPL 100.15. The accusatory instruments in the instant case do not contain separate accusatory and factual sections. The use of the language, "did wilfully neglect and refuse to comply with an order”, in an affidavit is conclusory. This, is the wording of section 488-1.0 of the Administrative Code and properly belongs in the accusatory part of the instrument. The People must present facts of an evidentiary nature to support a conclusion that on a particular date, a defendant willfully neglected and refused to comply with the Fire Commissioner’s order.
A far more serious defect in these accusatory instruments is the conclusion in the affidavits that the "defendant is the authorized person in charge.” This is particularly so in light of the defendants’ statements on the motion that they "neither owned, possessed, controlled nor had any authority or *754 charge of any of the affected properties on the dates of the alleged offenses.” It is pointless for the People to argue that this is an issue to be resolved at trial. The Court of Appeals has held that in order to protect persons from groundless prosecution it is required that the complainant have reasonable grounds for his belief and that the information contain legal evidence of the commission of a crime (see People v James, 4 NY2d 482; People v Hicks, 38 NY2d 90). The words "the defendant is the authorized person in charge” belong in the accusatory part of the instrument. This conclusion must be supported in the factual section of an accusatory instrument with evidentiary facts. The People are required to establish reasonable cause to believe that the defendants committed the offense (see CPL 70.10).
The court notes that the People refer to the accusatory instruments neither as complaints nor informations. The affidavit of the fire department employee is captioned "Complaint” but this is not determinative of the question. If the instruments were in proper form as described above, they might well qualify as informations. The use of the fire department order incorporated by reference, does not violate the requirement that an information contain nonhearsay allegations. Its use is not improper provided that it be duly authenticated or certified. Only objectionable hearsay is prohibited (see People v Fields, 74 Mise 2d 109, affd on other grounds 79 Mise 2d 68).
CPL 170.35 provides that where proper amendment of the accusatory instrument can be made, the court should not dismiss but rather allow for an amendment. This section is applicable only where the People move to amend and where the defects are of a kind that can be cured by amendment. Neither of these latter two situations exists in the instant case.
Finally the court turns to the defendants’ contention that the court has not obtained jurisdiction over the defendants. The defendant PCR alleges that this is the name of a nonexistent corporation. All defendants maintain that there has been improper service of summonses.
CPL 600.10 provides for the method of obtaining jurisdiction over a corporation. It provides in pertinent part that service of a summons must be made on the corporation "by delivery thereof to an officer, director, managing or general agent or cashier or assistant cashier of such corporation or to any other *755 agent of such corporation authorized by appointment or by Law to receive service of process.”
The People do not contradict or challenge the assertion of PCR, that it is and was a nonexistent corporation. Regardless of whether proper service was made on PCR, the court does not have jurisdiction over a nonentity.
As to the matter of proper service, a hearing on the question normally might be the proper procedure. However, in light of the court’s earlier determination that the accusatory instruments are defective and the failure of the People to argue that proper service of the summonses was made, a hearing is not warranted.
Accordingly, the defendants’ motions to dismiss are granted and the six cases are dismissed.