OPINION OF THE COURT
Harvey Glasser, J.
Defendant, Rockefeller University, moves, pursuant to CPL 170.30 (1) (a) to dismiss docket Nos. 8N408042W, 8N414235W, 8N414237W, 8N414233W (consolidated for motion purposes), and the four violation orders issued by the New York City Fire Department in June 1988 (D246882, D246881, D246880 and D246900), on the grounds that (a) no accusatory instru *279 ment exists for any of the violations of law upon which this action is based; and (b) each violation is defective in that it fails, among other things, to (1) properly notify the defendant of the law violated; and (2) set forth any facts which constitute a violation of law.
According to the People, represented in these matters by New York City Corporation Counsel, in June 1988, four violation orders were issued by Fire Department Inspector Walter Froese after Froese conducted inspections of defendant’s laboratory facilities and found various violations of Fire Department fire prevention directives. Each order provided that, "If this order has not been complied within 30 days of the issuance date, a summons will be served for violation of Chapter 19 of the Administrative Code of the City of New York.”
Subsequently, it is alleged, in August 1988, Inspector Froese reinspected the premises and found that defendant had failed to comply with the violation orders and he issued a total of four summonses on August 23, 1988 and then on August 30, 1988, on each of which Froese affirmed, "I personally witnessed failure to comply with V.O.D.” Defendant was charged with a violation of Administrative Code § 15-223.1.
Defendant’s motion is directed at the "summonses”, which the People contend are "simplified informations”, and at the violation orders, copies of which are attached to the summonses filed with the court. The People contend further that the summonses and Froese’s affirmations therein, together with the attached violation orders, constitute an information, "simplified” or otherwise.
In support of its motion, defendant asserts that the instruments served are not "simplified informations”, which need not contain factual allegations of an evidentiary nature supporting the change (CPL 100.10 [2]), since the use of the instruments is limited to only minor infractions, offenses or misdemeanors under the Vehicle and Traffic Law; the Parks, Recreation and Historic Preservation Law and the Navigation Law; and the Environmental Conversation Law (CPL 100.10 [2] [a], [b], [c]; see, People v Cooperman, NYLJ, Jan. 17, 1989, at 26, col 4 [App Term, 2d Dept 1989]). Thus, it does not appear that the Fire Commissioner is authorized to issue a simplified information (see, CPL 100.25 [1]), and, accordingly, the instruments served cannot be "simplified informations.”.
Nor do the summonses and violation orders together consti *280 tute duly converted informations. Among other defects, the summonses charge defendant with the violation of Administrative Code § 15-223.1. However, that provision has two subdivisions, one of which contains civil penalties for failure to comply with any order and, the other, criminal sanctions. The instruments served fail to designate the appropriate or any subdivision and to "designate the offense or offenses charged.” (CPL 100.15 [2].) Moreover, an information must "inform defendant of the nature of the charge and the acts constituting it so that he may prepare for trial and protect himself from being tried again for the same offense” (People v Miles, 64 NY2d 731, 732-733 [1984]). These instruments fail to meet these purposes.
Lastly, the factual part of these instruments is inadequate. Each contains Inspector Froese’s description of the offense: "I personally witnessed failure to comply with V.O.D.” This statement is conclusory and does not allege "facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]; see, People v Dumas, 68 NY2d 729 [1986]; People v Penn Cent. Transp. Co., 95 Misc 2d 748 [Crim Ct, NY County 1978]).
In light of the foregoing, defendant’s other arguments in support of its motion to dismiss need not be addressed.
Accordingly, defendant’s motion is granted and docket Nos. 8N408042W, 8N414235W, 8N414237W and 8N414233W are dismissed.