*156 OPINION OF THE COURT
Ronni D. Birnbaum, J.
Petitioner moves to strike respondent’s counterclaims and to preclude for failure to provide a bill of particulars. Respondent opposes the motion.
Petitioner is a Trustee in Bankruptcy appointed pursuant to the order of the Honorable Burton R. Lifland, Bankruptcy Judge, Southern District, New York. In or about the month of October 1991, petitioner commenced the instant proceeding against respondent to recover rent allegedly unpaid since September 1991, for apartment No. 47 located at 274 West 140 Street, New York City, New York (the premises). Respondent served her answer in late October raising various affirmative defenses and interposing certain counterclaims. The latter included claims for: rent overcharge, malicious prosecution, breach of warranty of habitability, retaliatory eviction and attorney’s fees.
Petitioner now moves to strike respondent’s counterclaims arguing suit against a Trustee in Bankruptcy is prohibited by State and Federal law. Specifically, petitioner contends CPLR 3019 (c) expressly prohibits suit against a Trustee; further, that regardless of State law, permission to bring suit must be obtained from the Bankruptcy Court which appointed petitioner before commencement of such action.
Suits commenced by a Trustee fall into two categories. First, those actions which are brought as successor to the debtor’s interest included in the estate pursuant to 11 USC § 541. Second, those which are brought under one or more of the Trustee’s avoiding powers. This proceeding clearly involves the former.
CPLR 3019 (c) permits a counterclaim against a Trustee or nominal plaintiff, to the extent of the plaintiff’s claim, providing that cause of action might have been interposed in an action brought by the person beneficially interested. (Helman v Dixon, 71 Misc 2d 1057 [Civ Ct, Queens County 1972].)
Here, petitioner seeks to recover alleged unpaid rent. The suit is, therefore, brought by petitioner as successor to the debtor or landlord’s interest. At least three of respondent’s counterclaims are wholly proper because they could have been maintained against the person beneficially interested, that is, the landlord. Respondent’s claims for rent overcharge and breach of warranty of habitability are properly interposed because a landlord is prohibited from collecting rent in excess *157 of the regulated sum (Rent Stabilization Law of 1969 [Administrative Code of City of NY, tit 26, ch 4] § 26-512) and a landlord is obligated to maintain the premises in a habitable and safe condition (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]). Provided there is an attorney’s fee clause in respondent’s lease, a claim to recover said fees is also appropriate. (Real Property Law § 234.) The only restriction to these three counterclaims is that any sum recovered by respondent may not exceed the sum sued for in the petition. (Helman v Dixon, supra; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3019.28.)
Respondent’s remaining counterclaims are deficient, but for reasons different from those proposed by petitioner. Malicious prosecution specifically requires a judgment in favor of respondent as a condition precedent to commencement of such an action. (Lieberman v Roadside 3 Hour Cleaners, 81 AD2d 635 [2d Dept 1981].) There is no allegation in respondent’s answer concerning a prior judgment against petitioner. Moreover, such a claim is wholly inappropriate to a summary proceeding. (Coronet Props. Co. v Lederer, NYLJ, Feb. 21, 1986, at 12, col 2 [App Term, 1st Dept].) Retaliatory eviction requires a landlord to terminate the landlord-tenant relationship by service of a notice to quit. (Real Property Law § 223-b.) Here, petitioner has not served any notice to quit on respondent. These two counterclaims are, therefore, without merit.
Petitioner’s argument that permission of the appointing Bankruptcy Court is necessary to commencement of suit is similarly without merit.
The filing of a voluntary or involuntary petition under any chapter of the Bankruptcy Code automatically stays the commencement or continuation of any suit against the debtor. (11 USC § 362.) Trustees may be sued, however, without leave of the appointing Bankruptcy Court, with respect to any of their acts or transactions in carrying on business connected with the property in their possession. (28 USC § 959 [a].) By allowing suits against Trustees without leave of court 28 USC § 959 (a) provides an express statutory exception to the blanket stays inherent to the bankruptcy process. (In re Baptist Med. Center, 80 Bankr 637 [Bankruptcy Ct, ED NY 1987].) Suits against a Trustee for acts done in his official capacity and within his authority as an officer of the court may not proceed in a nonappointing forum unless leave is obtained from the appointing forum. (In re Baptist Med. Center, supra.) A Trustee who is liquidating a bankrupt estate is not carrying *158 on business and cannot be sued for mismanagement under 28 USC § 959 (a) without leave of the appointing court. (Melvin v Klein, 49 Misc 2d 24 [Sup Ct, Onondaga County 1965].) Where, as here, the Trustee is attempting to collect unpaid rent he is not acting in his official capacity but as successor to the debtor’s interest or in this case, the landlord’s interest. Consequently, leave of the appointing court is unnecessary.
Petitioner’s reliance on United States v Dorigan (236 F Supp 106 [ED NY 1964]) is misplaced. Dorigan (supra) was decided under the former Bankruptcy Act, 11 USC § 205, now 11 USC § 1173. This section is part of a chapter exclusively reserved for railroad reorganizations. (See, 11 USC §§ 1161-1174.) The Bankruptcy Code treats railroads differently from other corporations. Except in railroad reorganization cases, a Trustee must manage and operate the property in his possession in accordance with the laws of the State in which the property is situated, in the same manner that the owner would be bound to do if in possession thereof. (28 USC § 959 [b].) Where a railroad files for reorganization, however, the Trustee must act to preserve not only the interests of the creditors but the public interest as well. (11 USC § 1165.) An ordinary bankruptcy is directed toward the liquidation of the debtor’s business and the distribution of the debtor’s assets. A railroad reorganization, however, involves an additional element, the overriding public interest in the continuation of rail transportation services. (Penn Cent. Transp. Co. v National City Bank, 315 F Supp 1281 [ED Pa 1970], affd 453 F2d 520 [3d Cir 1972], certiorari denied 408 US 923 [1972].)
In Dorigan (supra), the court held that if the permission of the appointing court were not obtained before commencement of suit against a Trustee the entire statutory scheme which is exclusively reserved for railroad reorganizations would be defeated (supra, at 109). However, where the statutory scheme directed at preserving the public interest is not involved, the rationale of the Dorigan court becomes moot. Permission of the appointing court is, therefore, not required in this proceeding.
Finally, petitioner’s application to preclude for failure to furnish a bill of particulars in compliance with the demand therefor is denied. Contrary to petitioner’s assertions the bill is verified by respondent and directly responsive to the demand with respect to the issues properly raised in this proceeding.
*159 Accordingly, petitioner’s motion is granted solely to the extent of striking from respondent’s answer, without prejudice to a plenary action, those counterclaims sounding in malicious prosecution, paragraph 2 (b), and retaliatory eviction, paragraph 2 (e). Although respondent does not demand any specific sum for the remainder of her counterclaims, the recovery therefor, if any, shall be limited to the sum sued for in the petition.