**Alfonso VALDES et al., Petitioners, Appellants,**

v.

**Jose M. FELICIANO, Trustee, et al., Appellees.**

**No. 5392.**

United States Court of Appeals First Circuit.

April 29, 1959.

Rehearing Denied June 8, 1959.

■

Rafael Martinez Alvarez, Jr., San Juan, P. R., for appellants.

Vincente M. Ydrach, San Juan, P. R., with whom Hartzell, Fernandez & Novas, San Juan, P. R., was on brief, for trustee, appellee.

L. E. Dubon, San Juan, P. R. on brief pro se and for bankrupt, appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This appeal involves the following sequence of events in a bankruptcy matter. On December 3, 1954, the Puerto Rico Railroad & Transport Co., filed in the District Court for the District of Puerto Rico an appropriate petition initiating a reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. On December 7, 1954, appellant Valdes was injured and Raldiris, whose heirs are appellants, was killed in a grade-crossing accident. It is said that they were traveling by auto on a mission for their employer, Cerveceria India, Inc., and that the accident was caused by negligence of the debtor railroad in the operation of a locomotive. The next day, December 8, 1954, the District Court entered an order approving the petition for reorganization, appointed appellee Feliciano as trustee of the debtor and enjoined actions against the debtor railroad and its trustee.

Thereafter, the manager of the State Insurance Fund, having paid workmen's compensation claims arising out of the injuries here in question, filed a claim for reimbursement in the reorganization proceedings. That claim was denied. On November 23, 1955 the appellants sued the Puerto Rico Railroad & Transport Co. in the Superior Court of Mayaguez to recover damages arising out of the accident. Service of process was on both the president of the corporation and the trustee. There is dispute whether appellant Feliciano became a defendant in his capacity as trustee of the debtor. In any event, on December 5, 1955, the trustee filed a motion in the Superior Court of Mayaguez asking that

the actions be dismissed as litigation prohibited by the order of the bankruptcy court enjoining suits against the debtor and its trustee. On January 9, 1956, the Mayaguez court denied this motion although it indicated some doubt as to the scope of the district court's injunction. We are told that no further action has been taken in the Mayaguez proceedings.

The attempted reorganization was not successful and, on September 11, 1956, the District Court adjudged the railroad bankrupt. Feliciano was continued as trustee. More than a year later, on January 10, 1958, appellants filed a motion in the District Court seeking a declaration that the Mayaguez suits might proceed, despite the order enjoining suits against the debtor and its trustee, and also asking that final liquidation of the bankrupt estate be postponed until after final disposition of the Mayaguez suits. The District Court denied the motion and this appeal followed.

■ When the motion, which is our immediate concern here, was filed on January 10, 1958, appellants' unliquidated tort claims were not provable in this bankruptcy proceeding. It has been urged that these claims were provable in the Chapter X proceeding under Section 201 of the Bankruptcy Act, 11 U.S.C.A. § 601, which makes claims arising after the filing of a petition for reorganization and before the qualification of a trustee provable. But Section 201 became irrelevant in the present case when the Chapter X proceeding was converted into an ordinary bankruptcy proceeding. For it is provided in Section 238 of the Act, 11 U.S.C.A. § 638, that, upon such conversion, the proceeding is thereafter to be considered as though an involuntary petition had been filed on the date of the filing of the petition for reorganization and as though a bankruptcy adjudication had been made when the petition for reorganization was approved. The legal incidents and characteristics of the proceeding are thereafter defined and determined as if it had been in bankruptcy *ab initio*. Hercules Serv-

ice Parts Corp. v. United States, 6 Cir., 1953, 202 F.2d 938; In re Manufacturers Trading Corp., 6 Cir., 1952, 194 F. 2d 961. More particularly, Section 238 expressly provides that upon entry of an order for bankruptcy in what originated as a Chapter X proceeding, only such claims as are provable under Section 63 of the Act, 11 U.S.C.A. § 103, shall be allowed. It will be noted that Section 63 differs from the comparable provision of Chapter X in that a provable claim must be based upon an obligation which was in existence at the time that the petition was filed. Zavelo v. Reeves, 1913, 227 U.S. 625, 631, 33 S.Ct. 365, 57 L.Ed. 676; Cantor v. Cherry, 3 Cir., 1934, 73 F.2d 188. It has already been pointed out that the cause of action asserted in the Mayaguez suits arose after the debtor's petition had been filed in the bankruptcy court. Thus, the Mayaguez suits were not objectionable as an attempt to litigate a provable claim in a forum other than the bankruptcy court.

■ Moreover, the normal stay order against other actions, such as was entered in this bankruptcy proceeding, is not to be read as restraining tort actions against trustees for injury suffered during the period of bankruptcy administration. Indeed, "[s]ection 66 of the Judicial Code, * * * [now 28 U.S.C. § 959] authorizes suits against the trustee, without leave of the bankruptcy court, 'in respect of any act or transaction of his in carrying on the business' * * * operation of the trains is plainly a part of the trustee's functions. Claims which arise from their operation whether grade crossing claims * * * [or others] are claims based on acts of the trustee in conducting the business." Thompson v. Texas Mexican Ry. Co., 1946, 328 U.S. 134, 138, 66 S.Ct. 937, 941, 90 L.Ed. 1132; accord, McNulta .v. Lochridge, 1891, 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796; Kennison v. Philadelphia & Reading Coal & Iron Co., D.C.Minn.1940, 38 F.Supp. 980. The only problem here is created by the fact that the accident occurred before the trustee had been appointed. But

since it occurred after the petition had been filed in the bankruptcy court, in legal contemplation the bankruptcy administration had begun. The appellants were entitled to proceed with their tort actions. Cf. McNulta v. Lochridge, supra; McGreavey v. Straw, 1939, 90 N.H. 130, 5 A.2d 270.

As a separate reason for refusing to sanction the Mayaguez actions, the court below relied upon the fact that the named defendant in those actions was the debtor corporation rather than the trustee. In this connection it appears that the trustee did participate in the litigation. Moreover, it is apparent that questions of fact and of local law and procedure concerning the proper designation of parties and the acquiescence of a party despite improper designation and service are involved. Without expressing any opinion as to the merits of these matters, we think they should not be adjudicated in the bankruptcy court or in this court. It is appropriate that the local court where the suit is pending be left free to decide in discharge of its normal responsibility whatever questions of proper procedure may be raised by the course of the effort to reduce the tort claim to a local judgment.

For these reasons we think the court below should have entered an appropriate declaratory order indicating that the appellants may proceed with their Mayaguez actions without any restraint from the bankruptcy court.

There remains the question whether the refusal of the court below to stay the distribution of the bankrupt estate pending the outcome of the local tort action was proper. It is argued that since the accident occurred after the date which in legal contemplation marked the beginning of the administration of the debtor's estate in bankruptcy, a claim against the trustee for wrongful injury, if reduced to judgment in the Mayaguez suit, would then be allowable as an expense of the bankruptcy administration. Cf. Anderson v. Condict, 7 Cir., 1899, 93 F. 349; Bankers Trust Co. v. Florida East Coast R. Co., D.C.S.D.Fla.1940, 31 F.Supp. 961. But decision whether to delay the distribution of an otherwise completely administered estate to permit such liquidation of a long existent unliquidated claim requires an exercise of equitable discretion. "The power to fix the time for distribution may include the power, in the exercise of judicial discretion, to decline to postpone distribution awaiting disposition of litigation in another court over a contested claim." See Riehle v. Margolies, 1929, 279 U.S. 218, 224, 49 S.Ct. 310, 313, 73 L.Ed. 669. Compare Pennsylvania Steel Co. v. New York City R. Co., 2 Cir., 1915, 229 F. 120. Here, the injured parties have not moved promptly or persistently in their effort to substantiate their tort claim and reduce it to judgment. The injury occurred December 7, 1954. The Mayaguez litigation was not instituted until November 23, 1955, nearly a year later. The Mayaguez court denied the motion to dismiss that action on January 9, 1956. Thereafter, nothing appears to have been done to advance that litigation until January 10, 1958 when the present motion was filed in the bankruptcy proceeding. On the other hand the bankruptcy court must consider the interests of the debtor and any others who may be entitled to share in the distribution of the bankrupt estate. There is a serious question whether it is equitable to subordinate their interest in prompt distribution to the interest of appellants, who have already had five years to reduce their claims of judgment, in delay. However, as the case was decided below, the court did not reach this issue because it thought appellants' tort action undeserving of sanction.

On remand it will be appropriate that the court reconsider the motion to stay distribution and decide it as to the court may seem just and equitable. This action should be taken in addition to the issuing of an appropriate order indicating that the court has not stayed and does not in any way restrain the prosecution of the actions now pending in the Superior Court of Mayaguez.

A judgment will be entered vacating the order of the District Court and remanding the cause to that Court for proceedings consistent with this opinion.