PUERTO RICO RAILROAD & TRANSPORT CO., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, ANTONIO J. MATTA, JUDGE, Respondent; SYLVIA ARCELAY WIDOW OF ALVARADO ET AL., Interveners.

No. C-62-79.     Decided February 17, 1964.

---

*Luis E. Dubón, Luis E. Dubón, Jr., A. Torres Braschi,* and *R. Ruiz Sánchez* for petitioner. *Raúl Matos* and *Roberto J. Matos* for interveners.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: Before referring to the problem raised, we find it proper to state the incidents of the litigation because of the length of time that it has been under prosecution. The complaint for damages against the Puerto Rico Railroad and Transport Company resulting from an accident was filed in the Superior Court, Ponce Part, on August 7, 1952. On the fifth of the following month of September the complaint was answered. After some interrogatories, plaintiffs requested that the case be set for February 27, 1953. The hearing was set several times and in most of the instances the hearing was postponed on defendant's request.

On December 28, 1953, the trial commenced before Judge Ramón A. Gadea Picó and the plaintiffs introduced oral and documentary evidence. On February 9, 1954 plaintiffs requested the court that a date be set to continue the trial. There is nothing in the record until January 20, 1955, on which date a motion was filed by Mr. Luis E. Dubón, defendant's counsel, stating that he withdrew as its attorney because José Manuel Feliciano had been designated on December 8, 1954 as defendant's acting receiver by order of the United States District Court for Puerto Rico, and that said receiver had designated Mr. José L. Novas as his counsel. The next day the court disposed of the motion considering

Mr. Dubón as having withdrawn from his legal representation.

On January 26, 1955 plaintiffs requested that a date be set to continue the case. There is nothing in the record from said date until February 21, 1957, two years later, when the court ordered the dismissal of the case for laches. On plaintiffs' request the dismissal of the case was set aside on February 28, 1957. There is nothing in the record from said date until January 25, 1960, when plaintiffs requested that the case be set for hearing. It was set for June 21, 1960. On April 25, 1960 Mr. Dubón reappeared as defendant's counsel and notified that said defendant resorted to a reorganization proceeding under the Federal Bankruptcy Act, and that plaintiffs had not requested or obtained from the United States District Court that the order of said court of December 8, 1954, which had stayed the judicial proceedings, be set aside as to this action. On April 27, 1960 the receiver, José M. Feliciano, appeared represented by his attorney, Mr. Vicente M. Ydrach and made similar motion.

The Superior Court, Ponce Part, set the case for hearing as to whether or not the case should be set for hearing. The court, by Order of May 23, 1960, held that no evidence had been introduced to establish that the order of the United States District Court decreeing the stay of all the suits pending had been set aside and consequently annulled the order setting the case for June 21, 1960 until it were proved to the Court that there was no legal impediment for the hearing of the case. On February 8, 1962 the court again ordered the dismissal of the case, which it set aside upon plaintiffs' opposition on February 16.

On March 13, 1962 plaintiffs sought to secure the effectiveness of the judgment up to $200,000, which was ordered by the trial court. There appears in the record a copy of the order rendered by the United States District Court on March 13, 1962 setting aside said court's order of Decem-

ber 8, 1954 insofar as it precluded or stayed the proceedings of this particular case.

On March 14, 1962 plaintiffs again requested the continuation of the hearing and requested additional orders of attachment to secure the effectiveness of the judgment. On March 2, 1962 defendant also appeared through its counsel, Mr. Dubón, and he stated that on April 2, 1959 the United States District Court rendered a discharge order by virtue of which defendant was exonerated from all debt or claim like the present. It requested that the answer be considered amended in this respect. A copy of the discharge order appears in the record.

On March 21, 1962 defendant filed an amended answer and a motion to set aside the attachment levied, invoking its discharge in bankruptcy. It maintained that said discharge covered the claim for damages herein. By stipulation of the parties it was agreed that the amount of $200,000, which had been attached, be deposited with the marshal of the Superior Court, Ponce Part. The motion to set aside the attachment was set for hearing after which the trial court dismissed it on August 16, 1962.

A certificate of the referee in bankruptcy appears in the record, in which it is stated that in the proceeding no proof of claim had been filed in favor of any of the plaintiffs; that said persons never appeared in the record as interested parties; that said persons were never served notice, through their office, of defendant's adjudication in bankruptcy, of any creditors' meeting, or any other matter in relation to said bankruptcy. That defendant filed a petition for reorganization under Chapter 10 of the Bankruptcy Act of December 13, 1954 and the receiver having failed to formulate an acceptable plan, recommended the adjudication, defendant being adjudged in bankruptcy on September 11, 1956. That all creditors who had filed claims were paid and there still remained over $800,000 which was delivered to defendant

Puerto Rico Railroad & Transport Co. Up to here the record in the Superior Court.

On September 17, 1962 defendant filed a petition for certiorari in this Court to review the decision of August 16, 1962 rendered by the trial court which denied the dismissal of the attachment. Three days later, on September 20, this Court issued writ of certiorari. The final brief was filed on October 31, 1962. Let us consider the question in issue.

It is evident that in defendant's motion to set aside the attachment the case was being actually decided on its merits. The trial court rendered a well-reasoned decision refusing to set aside said attachment by reason of the discharge in bankruptcy. The parties have filed very elaborate briefs on the question in issue as to whether the discharge granted to defendant by the Bankruptcy Court eliminated any liability by reason of this claim for damages.

We need not make now an elaborate analysis of the problem in view of the fact that the United States District Court itself in the very bankruptcy proceeding and subsequent to the discharge, set aside the order of December 8, 1954 staying the proceedings in this case, the effect of which was to permit the continuation thereof. And also see the decision of the First Circuit Court in *Valdés et al.* v. *Feliciano, Trustee et al.*, 267 F.2d 91, which case involves another action for damages for accident against defendant, with the difference that the latter accident occurred on December 7, 1954 subsequent to the filing of the petition for reorganization, but prior to the approval of the same and the appointment of the trustee.

This claim filed years before defendant appeared in the United States District Court in the proceeding for reorganization was stayed by said Court by virtue of its order of December 8, 1954. According to the record plaintiffs were not included by defendant as creditors or claimants upon adjudication in bankruptcy. It does not appear either that

plaintiffs were served notice by defendant of said adjudication or the other proceedings pursuant to the Bankruptcy Act. It is a fact that plaintiffs' claim at the time of adjudication was not a liquid claim, and according to the certificate of the referee in bankruptcy it does not appear to have been liquidated in this proceeding for the purpose of considering it a debt admitted or proved.

The writ of certiorari issued will be quashed and the record will be remanded for further proceedings. In view of the fact that this litigation commenced in the year 1952, that defendant's substantive liability to plaintiffs has not been decided yet, and that the amount of $200,000 is attached to secure said responsibility, it is ordered that the parties in litigation as well as the trial court take the appropriate steps to continue with the hearing of this case without further delay, and that it be promptly and finally decided. The evidence having been already introduced before Mr. Ramón A. Gadea Picó, it is ordered that the administrative judge of the Superior Court, Ponce Part, take the necessary steps as to the calendar so that Mr. Gadea Picó may hear the case immediately.