
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> EAST COAST FOODS, INC., <br>      Debtor. | BAP No. CC-23-1034-FLS <br><br> Bk. No. 2:16-bk-13852-BB |
| EAST COAST FOODS, INC., <br>      Appellant, <br> v. <br> DEVELOPMENT SPECIALISTS, INC.; <br> BRADLEY D. SHARP, Chapter 11 <br> Trustee, <br>      Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sheri Bluebond, Bankruptcy Judge, Presiding

Before: FARIS, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

East Coast Foods, Inc. ("ECF") sought leave from the bankruptcy

court to sue its former chapter 11[1] trustee in another forum. The

bankruptcy court denied leave, stating (among other things) that it had

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

exclusive jurisdiction of ECF's claims against the trustee.

ECF appeals, arguing that the bankruptcy court erred in its exclusive jurisdiction ruling and that 28 U.S.C. § 959(a) allows it to pursue its claims against the former trustee without leave of the bankruptcy court. We discern no reversible error and AFFIRM.

## FACTS[2]

### A.    Bankruptcy events

ECF operated four restaurants in Los Angeles, California. Herbert Hudson is ECF's owner and president.

In March 2016, ECF filed a chapter 11 petition. The court directed the appointment of an examiner who was critical of ECF's financial accounting practices and internal controls. In response, the bankruptcy court approved Bradley D. Sharp's appointment as chapter 11 trustee ("Trustee"). The Trustee is a senior managing director at his firm, Development Specialists, Inc. ("DSI").

Shortly thereafter, the Trustee sought to employ The Next Idea (International), LLC ("TNI") "to perform restaurant management services." Robert Ancill is the chief executive officer and managing partner of TNI. Mr. Ancill asserted in the statement of disinterestedness attached to the employment application that TNI did not hold any interest materially

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

adverse to the estate. The bankruptcy court approved TNI's employment.

A few months later, the Trustee filed a supplemental application to expand the scope of TNI's employment to include marketing services. Mr. Ancill again certified that TNI did not have any connection with ECF's creditors and did not hold interests materially adverse to the interests of ECF's estate. The bankruptcy court granted the supplemental application.

Between November 2017 and October 2018, the Trustee filed three applications for payment of fees and expenses to TNI. The applications sought tens of thousands of dollars in fees but did not report any reimbursable expenses. The court approved the first two applications.

In the meantime, the Committee of Creditors Holding Unsecured Claims and Mr. Hudson proposed a second amended joint plan of reorganization ("Plan"). Pursuant to the Plan, Brian Weiss ("Plan Trustee") was appointed trustee of the post-confirmation plan trust.

The Plan provided that only the Plan Trustee may pursue "Estate Claims."[3] It stated that, "[o]n or after the Effective Date, the Plan Trustee shall have sole authority and responsibility for investigating, analyzing, commencing, prosecuting, litigating, compromising, collecting, and otherwise administering . . . Estate Claims . . . ." Additionally, "[o]n the Effective Date, all Estate Claims of the Debtor . . . shall be transferred to

---

[3] The Plan defines "Estate Claims" as "any and all claims and causes of action that constitute property of the Estate including, but not limited to . . . any causes of action or claims for recovery of any amounts owing to the Debtor or the Estate . . . ."

3

and vest in the Plan Trust . . . ."

The bankruptcy court confirmed the Plan, and it became effective on September 14, 2018. As of the effective date, the Trustee was discharged of his duties and responsibilities.

In October 2018, the Plan Trustee began reviewing ECF's vendors. He became concerned with excessive sums of money paid to Hospitality Merchandise ("Hospitality") and Restaurant Extensions ("Extensions"). Both companies were apparently formed postpetition and owned or controlled by TNI's president, Mr. Ancill.

The Plan Trustee found that TNI grossly overordered merchandise from Hospitality, leading to excess inventory and overcharges amounting to tens of thousands of dollars. The Plan Trustee also determined that Extensions may have overcharged ECF by tens of thousands of dollars.

Additionally, the Plan Trustee determined that TNI had been paid approximately $292,950 for restaurant management services and $83,600 for marketing, most of which was not disclosed on the fee applications.

Based on some of these concerns, the Plan Trustee objected to TNI's third and final fee application. Following a hearing, on November 19, 2018, the bankruptcy court denied TNI's third fee application, disallowed TNI's compensation, and ordered TNI to disgorge the sum of $376,550 in fees previously paid for restaurant management services and marketing services. However, it did not order Hospitality or Extensions to disgorge any payments.

Also on November 19, 2018, the bankruptcy court issued its omnibus order on fees, which, among other things, granted the Trustee's final fee application and approved a final fee amount totaling $1,155,844.71 and costs in the amount of $5,107.32.

ECF claims that, in December 2019, it first learned that the Trustee knew or should have known about TNI's wrongdoing.[4]

## B. The state court complaint

On November 23, 2022, about four years after the bankruptcy court ordered the disgorgement of TNI's fees, ECF filed a complaint against the Trustee and DSI in the Los Angeles County superior court ("State Court Complaint"). It alleged that TNI overcharged ECF and overordered merchandise and services and that the Trustee knew of the wrongdoing and failed to disclose TNI's wrongdoing to the bankruptcy court. It also alleged that the Trustee's statements on the fee applications were knowingly false. It further claimed that the Trustee "was grossly negligent in his management of the operations of Plaintiff ECF during the bankruptcy proceeding." It stated that the Trustee failed to review ECF's

---

[4] ECF claims that, on that date, it became aware of two e-mails that, according to ECF, implicated the Trustee's knowledge of TNI's activities. First, an e-mail dated December 6, 2018 was apparently in response to spam e-mail that the Trustee received concerning the point-of-sale system; Mr. Ancill apologized and told the Trustee that "they have me set up as some reseller[.]" Second, an e-mail dated November 2, 2017 was not provided to the court but was described by Mr. Ancill in a declaration. He said the Trustee directed him not to use TNI to purchase products directly for ECF. These emails are not the "smoking guns" that ECF wants them to be.

5

financial performance and report the results to the bankruptcy court, failed to monitor ECF's operations, allowed excessive expense and labor charges, and did not exercise appropriate care when managing ECF.

The State Court Complaint raised five causes of action: (1) fraud - intentional misrepresentation, (2) fraud - negligent misrepresentation, (3) breach of fiduciary duty, (4) aiding and abetting breach of fiduciary duty (against DSI), and (5) aiding and abetting fraud – intentional misrepresentation (against DSI).[5]

## C.     The motion for leave to sue the Trustee

About a month later, ECF filed in the bankruptcy court a motion for leave to sue the Trustee and DSI[6] (the "Motion"). The Motion essentially repeated the facts and arguments from the State Court Complaint.

The Motion argued that, pursuant to the "*Barton* doctrine," *Barton v. Barbour*, 104 U.S. 126 (1881), the bankruptcy court should grant ECF leave to sue the Trustee outside of the bankruptcy court for "fraudulent and negligent breaches of [his] fiduciary duties, that resulted in significant financial damages to ECF's estate."

The Plan Trustee filed a limited response to the Motion. He stated that the Motion misrepresented the Plan Trustee's findings and fabricated

---

[5] ECF represents that it filed complaints in both the state court and the federal district court. However, only the state court complaint is included in the excerpts of record and specifically cited by the parties.

[6] We will sometimes refer to both the Trustee and DSI as "Trustee."

portions of quotations of the Plan Trustee's findings. The Plan Trustee stated that he "simply did not investigate and did not conclude whether or not the Chapter 11 Trustee approved the orders at issue."

ECF responded that neither ECF, Mr. Hudson, nor its current bankruptcy counsel had reviewed the Motion before it was filed by former counsel and that it did not condone the misrepresentations and phony quotations. Nevertheless, ECF maintained that the bankruptcy court should grant the Motion.

The Trustee opposed the Motion. He argued that ECF did not have standing to sue him, because the actions complained of occurred pre-confirmation. All claims were owned by the bankruptcy estate, and, pursuant to the Plan, only the Plan Trustee could pursue those claims. The Trustee also argued that ECF violated the *Barton* doctrine when it filed the State Court Complaint without first seeking bankruptcy court approval, that the three-year statute of limitations barred the State Court Complaint, and that the Motion lacked factual foundation.

In its reply brief, ECF responded to the Trustee's arguments and, for the first time, cited 28 U.S.C. § 959(a).

The bankruptcy court issued a tentative ruling and indicated that it was inclined to deny the Motion. The court stated that ECF lacked standing to sue the Trustee and that its claims against the Trustee were collateral attacks on the bankruptcy court's fee order. ECF did not raise any objection to the Trustee's fee application or otherwise assert that the Trustee had any

7

knowledge of or participation in TNI's wrongful conduct. The court explained that it had "exclusive jurisdiction over the amount of compensation to be paid to the trustee in this case or whether the trustee engaged in misconduct during the course of his administration."

The bankruptcy court also indicated that the State Court Complaint was barred by the statute of limitations and that the Trustee's e-mails did not establish wrongdoing or toll the statute of limitations. It said that, after ECF withdrew the quotations that it falsely attributed to the Plan Trustee, it did not offer any other basis for liability, so the court had "no basis to conclude that there is even a prima facie case of any kind against the trustee."

At the hearing on the Motion, the bankruptcy court read its tentative ruling into the record and made additional comments. It said that it had exclusive jurisdiction over the Trustee's compensation and his alleged misconduct during his administration of ECF's estate.

During a colloquy with the court, counsel for ECF referenced 28 U.S.C. § 959 for the only time in the hearing, asking "why isn't this a[n] . . . action in 28 U.S.C. [§] 959, damages caused by . . . the former trustee in the conduct of the operations of the business?" The court responded by explaining that that section did not apply because the allegations "go[] to the very heart of what compensation the Trustee ought to be paid. So you've got to come here."

The bankruptcy court denied the Motion. Its order did not explicitly

mention or incorporate the tentative ruling. Rather, the court stated that it had "read its legal conclusions and factual findings . . . on the record" and held that it "has the exclusive jurisdiction to hear all claims and actions asserted against [the Trustee] and DSI, arising out of acts or omissions that are alleged to have occurred during the course of the performance of his duties as chapter 11 trustee in the Case."

ECF withdrew the State Court Complaint pursuant to the bankruptcy court's order. It timely filed its notice of appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in denying ECF leave to sue the Trustee in a non-bankruptcy forum.

## STANDARDS OF REVIEW

We review for an abuse of discretion the bankruptcy court's order denying leave to file suit against the case trustee and others in another forum. *Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d 1090, 1094 (9th Cir. 2016) ("We review the bankruptcy court's order denying leave to sue for abuse of discretion."); *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 881 (9th Cir. BAP 1995) ("The granting of leave for a party to sue the trustee is within the sound discretion of the appointing court."). To determine whether the bankruptcy court has abused its

9

discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested[,]" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

We review de novo the bankruptcy court's conclusions of law, including its statutory interpretations of 28 U.S.C. § 959. *See Parks v. Drummond (In re Parks)*, 475 B.R. 703, 706 (9th Cir. BAP 2012); *see also Phoenician Mediterranean Villa, LLC v. Swope*, 554 B.R. 747, 756 (W.D. Pa. 2016) ("conduct[ing] a de novo review of the law" and concluding that 28 U.S.C. § 959 was inapplicable), *aff'd sub nom. In re J & S Props., LLC*, 872 F.3d 138 (3d Cir. 2017); *In re Kashani*, 190 B.R. at 881 ("The existence of subject matter jurisdiction is a question of law and is reviewed de novo."). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We may affirm on any basis supported by the record. *Black v. Bonnie Springs Family Ltd. P'ship (In re Black)*, 487 B.R. 202, 211 (9th Cir. BAP 2013).

## DISCUSSION

### A. The Panel is not limited to the rationale given by the bankruptcy court.

As an initial matter, the parties dispute the scope of the bankruptcy

court's ruling. ECF argues that the bankruptcy court ruled only that it had exclusive jurisdiction over the State Court Complaint. Conversely, the Trustee argues that the court adopted its tentative ruling in full and denied the Motion for the many reasons discussed therein.

We need not pinpoint the exact reasons on which the bankruptcy court relied. We may affirm on any basis fairly supported by the record, whether or not the bankruptcy court considered or relied upon that basis. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007). For the reasons discussed below, we agree that the bankruptcy court had sufficient reasons to deny the Motion.

**B.    The bankruptcy court did not abuse its discretion in denying ECF leave to sue the Trustee in another court.**

The bankruptcy court denied the Motion because it thought that it had exclusive jurisdiction over matters concerning the Trustee's compensation and whether the Trustee engaged in misconduct. ECF does not squarely challenge the court's jurisdictional analysis, but the question is not free from doubt.

"The bankruptcy court has original and exclusive jurisdiction over all cases under title 11, 28 U.S.C. § 1334(a), and original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11, 28 U.S.C. § 1334(b)." *Krasnoff v. Marshack (In re Gen. Carriers Corp.)*, 258 B.R. 181, 189 (9th Cir. BAP 2001). In addition, the bankruptcy court has "exclusive jurisdiction . . . over all claims or causes of

11

action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327." 28 U.S.C. § 1334(e)(2); *see also In re Sundance Self Storage-El Dorado LP*, 482 B.R. 613, 624 (Bankr. E.D. Cal. 2012) (The bankruptcy court "has original and exclusive jurisdiction over the employment of counsel, their compensation, and their disclosure obligations, pursuant to 28 U.S.C. § 1334(e)(2), and has the authority to hear and determine this matter pursuant to 28 U.S.C. § 157(b)(1).").

In other words, the bankruptcy court's exclusive jurisdiction extends only to the bankruptcy case itself and to claims related to § 327. In all other respects, the court's jurisdiction is nonexclusive.

Counsel for ECF conceded that many of the claims in ECF's complaint alleged violations of § 327 and that the fraud and misrepresentation claims are premised on that section. The bankruptcy court correctly ruled that it has exclusive jurisdiction over those claims.

As for the remainder of ECF's claims, such as the claims for breach of fiduciary duty, one could plausibly argue that those claims are integral to the bankruptcy case and are therefore within the bankruptcy court's exclusive jurisdiction. The trustee is a central player in a bankruptcy case and the trustee's administration of the estate is an essential feature of the case.

On the other hand, one could also plausibly argue that the bankruptcy court's jurisdiction over the remainder of ECF's claims was

nonexclusive. All of those claims "arose in" ECF's bankruptcy case.

We have no doubt, however, that the *Barton* doctrine justified the court's decision.[7] Under that doctrine, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005); *see also In re Kashani*, 190 B.R. at 884. As a starting point, "the prospective plaintiffs must set forth a prima facie case against the trustee." *In re Kashani*, 190 B.R. at 885.

---

[7] Courts have frequently said that the *Barton* doctrine limits the court's subject matter jurisdiction. *Carter v. Rodgers*, 220 F.3d 1249, 1255 (11th Cir. 2000) (holding that, because the plaintiff failed to obtain the bankruptcy court's leave to sue the trustee in another forum, "the district court lacked subject matter jurisdiction and properly dismissed this civil action against these Defendants"); *see also Harris v. Wittman (In re Harris)*, 590 F.3d 730, 742 (9th Cir. 2009) ("[A]bsent leave of the appointing court, the *Barton* doctrine denies subject matter jurisdiction to all forums *except* the appointing court."); *In re Crown Vantage, Inc.*, 421 F.3d at 971 ("The Court held that if leave of court were not obtained, then the other forum lacked subject matter jurisdiction over the suit. . . . As the Supreme Court explained, allowing the unauthorized suit to proceed 'would have been a usurpation of the powers and duties which belonged exclusively to another court.'"). In other contexts, the Supreme Court has recently questioned whether various rules and doctrines are truly "jurisdictional." *See Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1661 (2019) (holding that a case was not moot, even where there were no assets available for recovery); *see also MOAC Mall Holdings LLC v. Transform Holdco LLC*, 143 S. Ct. 927, 936 (2023) ("In view of these consequences and our past sometimes-loose use of the word 'jurisdiction,' we have endeavored to bring some discipline to this area. We have clarified that jurisdictional rules pertain to the power of the court rather than to the rights or obligations of the parties. And we only treat a provision as jurisdictional if Congress clearly states as much." (cleaned up)). We are confident that the Court would continue to approve of the *Barton* doctrine even if it decided that the doctrine did not limit courts' jurisdiction.

Even then, the bankruptcy court's discretion is broad: "the bankruptcy court may conclude, even after the party seeking leave has met the requirements of presenting a prima facie case against the trustee, that the suit should more properly be maintained in the bankruptcy court." *Id.* at 886 (citation omitted).

We laid out a five-part test to "determine whether the issues affect solely the administration of the bankruptcy estate and should be heard by the bankruptcy court." *Id.* at 887. The court should consider:

> 1. Whether the acts or transactions relate to the carrying on of the business connected with the property of the bankruptcy estate. If the proceeding is under 28 U.S.C. § 959(a), then no court approval is necessary. . . .
>
> 2. If approval from the appointing court appears necessary, do the claims pertain to actions of the trustee while administering the estate? By asking this question, the court may determine whether the proceeding is a core proceeding or a proceeding which is related to a case or proceeding under Title 11, United States Code.
>
> 3. Do the claims involve the individual acting within the scope of his or her authority under the statute or orders of the bankruptcy court, so that the trustee is entitled to quasi-judicial or derived judicial immunity?
>
> 4. Are the movants or proposed plaintiffs seeking to surcharge the trustee; that is, seeking a judgment against the trustee personally?
>
> 5. Do the claims involve the trustee's breaching her fiduciary duty either through negligent or willful misconduct?

14

*Id.* at 886-87 (citation omitted). We stated that "one or more of these factors may be a basis for the bankruptcy court to retain jurisdiction over the claims." *Id.* at 887.

Under this test, denial of the Motion was warranted. The bankruptcy court was unconvinced that ECF had laid out a prima facie case against the Trustee (although it reserved final ruling on the matter). *Kashani*'s five-prong analysis further confirms that the issues should be heard by the bankruptcy court. ECF's claims "pertain to actions of the trustee while administering the estate . . . ." As we explain in the next section, 28 U.S.C. § 959 does not apply. The claims are "core proceedings" because they arise out of estate administration. *See Schultze v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014), *as amended* (Aug. 1, 2014) ("Where a post-petition claim was brought against a court-appointed professional, we have held the suit to be a core proceeding."). Although the matter has not been briefed, the Trustee might enjoy quasi-judicial immunity against some or all of the claims because the Trustee was "acting within the scope of his or her authority under the statute or orders of the bankruptcy court . . . ." ECF is "seeking a judgment against the trustee personally[,]" which implicates his fee award, and the claims involve the Trustee's alleged breach of his fiduciary duties imposed under the Bankruptcy Code. The bankruptcy court was within its discretion to deny the Motion.

## C. 28 U.S.C. § 959(a) is inapplicable.

ECF argues at length that 28 U.S.C. § 959(a) is an exception to the

*Barton* doctrine and allows it to sue the Trustee without leave of the bankruptcy court, because its claims do not concern the administration of the bankruptcy estate. We disagree.

The Trustee argues that ECF waived this argument, because it did not raise it until it made a passing reference to the statute in its reply brief in support of the Motion. Conversely, ECF contends that its references to 28 U.S.C. § 959(a) in its reply brief and at the hearing are sufficient.

As a general rule, "[a] litigant may waive an issue by failing to raise it in a bankruptcy court." *Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014). "There is no bright-line rule to determine whether a matter has been properly raised. A workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it." *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989) (citations omitted).

We agree that ECF did not waive its argument, but only barely. ECF did indeed mention 28 U.S.C. § 959(a) in the bankruptcy court, even if at the last minute and only in passing, so we think that ECF did just enough to preserve its 28 U.S.C. § 959(a) argument on appeal.

Regardless, we are not persuaded that 28 U.S.C. § 959(a) supports ECF's position. That section provides that "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."

16

This statute is inapplicable to the facts of this case. It is broadly accepted that 28 U.S.C. § 959(a) does not apply to alleged wrongdoing during the normal course of a trustee's administration of the bankruptcy estate. The Ninth Circuit has explained:

> this limited exception applies only if the trustee or other officer is actually operating the business, and only to acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise. Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate. Actions taken in the mere continuous administration of property under order of the court do not constitute an "act" or "transaction" in carrying on business connected with the estate. The few examples of suits that have been allowed under [28 U.S.C.] § 959(a) include a wrongful death action filed against an operating railroad trustee and suits for wrongful use of another's property.

*In re Crown Vantage, Inc.*, 421 F.3d at 971-72 (cleaned up).

We considered a similar situation in *Kashani*. In that case, the chapter 11 trustee was appointed to manage the assets of the debtors' bankruptcy estate. The debtors sought leave to sue the trustee for breach of fiduciary duty and negligence. 190 B.R. at 879. They enumerated some of the claims they intended to assert against the trustee: failing to sell estate property timely; engaging in a speculative real estate venture; concealing information from the bankruptcy court; and failing to disclose to the bankruptcy court that her attorney had previously represented a purchaser of estate property. *Id.* The bankruptcy court held that the allegations

17

related only to the trustee's administration of the estate and denied the motion without prejudice. *Id.* at 879-80.

On appeal, we affirmed in relevant part. We considered 28 U.S.C. § 959(a) and held that the complaint implicated the trustee's fiduciary duties in carrying out the administration of the estate, but

> [t]he breach of a fiduciary duty in the administration of the estate does not fall within the exception provided by 28 U.S.C. § 959(a). Since the alleged breaches attributed to the Trustee are not premised on an act or transaction of the fiduciary in carrying on the Debtors' business operation, . . . Section 959(a) is not applicable to the issues before this Panel.

*Id.* at 884 (citations omitted). We concluded that "the Debtors must obtain leave of the bankruptcy court in order to sue the Trustee in a forum other than the appointing court." *Id.* at 884-85. Other circuits have reached the same conclusion. *See Muratore v. Darr*, 375 F.3d 140, 146 (1st Cir. 2004) (holding that, because "[debtor] bases his complaint on the trustee's alleged misconduct in liquidating and administering the estate's property, and not on tortious acts committed in the furtherance of [debtor's] leasing or mortgage and real estate business, section 959(a) does not apply").

Similarly, the claims raised in the State Court Complaint concern the Trustee's acts while administering ECF's estate and his statutory duties owed to the bankruptcy estate, not torts committed in the course of running ECF's business. Specifically, ECF alleged that the Trustee failed to disclose information to the bankruptcy court; made false statements on fee

18

applications; failed to monitor ECF's operations and allowed excessive expense charges; approved and paid excess labor charges; and did not exercise care in managing ECF's business. The causes of action for misrepresentation and breach of fiduciary duty assert wrongdoing during the Trustee's administration of ECF's estate; they do not seek relief for independent torts committed while operating ECF's business.

ECF is not akin to a bystander to the bankruptcy case who was (for example) run over by a railroad locomotive operated under a bankruptcy trustee's auspices, *cf. Valdes v. Feliciano*, 267 F.2d 91, 94-95 (1st Cir. 1959), or injured by dangerous conditions on the rental property managed and operated by the chapter 7 trustee, *cf. Dell v. Chain (In re Chain)*, 614 B.R. 512, 519 (W.D. Pa. 2020). Rather, ECF was a participant in the bankruptcy case who is disappointed with its recovery in the case. *Cf. Muratore*, 375 F.3d at 142-43. As such, 28 U.S.C. § 959(a)'s exception to the *Barton* doctrine is inapplicable.

## D.     ECF lacked standing to sue the Trustee.

The bankruptcy court discussed other possible bases for its denial of the Motion, but ECF does not address them on appeal.

In its tentative ruling, the bankruptcy court stated that ECF lacks standing to sue the Trustee, because the Plan vested all estate claims in the plan trust, and only the Plan Trustee could pursue those claims. We agree; the Plan clearly provided that "Estate Claims," including "any causes of action or claims for recovery of any amounts owing to the Debtor or the

Estate," were property of the estate, did not revest in ECF, and were under the Plan Trustee's exclusive control. This is an independently sufficient reason to affirm the court's decision.

## CONCLUSION

The bankruptcy court did not err in denying the Motion. We AFFIRM.